UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| SARAH FELIX, formerly known as SARAH M. ELLIS, individually and on behalf of a class,<br><br>    Plaintiff,<br><br>v.<br><br>SUNTRUST MORTGAGE, INC.,<br><br>    Defendant. | Civil Action No.<br>2:16-CV-00066-RWS<br><br>CLASS ACTION<br>JURY TRIAL |

**CLASS COUNSEL'S BRIEF IN SUPPORT OF ITS MOTION TO DETERMINE ALLOCATION OF ATTORNEY FEE AWARD TO FORMER COUNSEL**

Class Counsel Epps, Holloway, DeLoach & Hoipkemier, LLC ("EHDH") moves the Court for an order determining the fee award that Plaintiff Sarah Felix's former attorneys, Werner & Associates, P.C. ("Werner Firm") and Fortson Bentley & Griffin, P.C. ("FBG"; together, "Former Counsel"), are entitled to for their legal work in this case prior to being discharged by the client.

In support of the motion, EHDH shows as follows:

## I. INTRODUCTION

### a. Former Counsel's Attorney Fee Claim.

EHDH seeks to resolve Former Counsel's interest in the Court's fee award [Dkt. 47 at 19] based on their work on the case prior to being discharged by Plaintiff Sarah Felix. EHDH does not dispute the firms are entitled to a reasonable fee for the work they performed in this case. EHDH has attempted to privately resolve the matter on several occasions. EHDH and Former Counsel reached an agreement to escrow the fee award at issue until Former Counsel's fee interests are resolved, but EHDH has received no response to its offer to reasonably settle the division of fees. Therefore, the Court's intervention is necessary to determine Former Counsel's fee interests, disburse the fee award from escrow, and close the matter. Accordingly, this motion seeks to resolve a single narrow issue: the value of the 18.5 hours that Former Counsel collectively worked in the case prior to being discharged by the client.

Where, as here, a claim is made to a share of class fee award, the Court's "significant supervisory role"[1] under Rule 23 applies to "protect the continued integrity of its order approving fair and reasonable fees in the first instance."[2] That is, because Former Counsel claim a fee for work on behalf of the class, the Court must determine that their fees are fair and reasonable, as with the original fee award.

---

[1] *Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1293 (11th Cir. 1999)
[2] *Marino v. Pioneer Edsel Sales, Inc.*, 349 F.3d 746, 753 (4th Cir. 2003)

And here, an order is needed because EHDH agreed to escrow its entire share of the fee to avoid disruption to the class and the settlement. Without an order from this Court setting Former Counsel's share of the fees, the escrow agent will not disburse the fees that EHDH and Former Counsel earned in this case.

b. <u>Determining a Fair Fee for Former Counsel's Work.</u>

EHDH submits that a fair fee can determined simply by awarding Former Counsel a **pro rata** share of the fee award based on their billable hours, i.e. dividing the number of hours worked by each firm by the total hours worked by all of Plaintiff's counsel, and multiplying the resulting percentage by the total fee award. It is hard to see any reasonable objection to this approach as it would **<u>equally value every hour billed by all Plaintiff's counsel and firms.</u>**

Applying this approach to Former Counsel would work out as follows:

**FBG: 14.4 hours / 428.5 total hours = 3.36% of fee award ($35,280.00).**

**Werner: 4.1 hours / 428.5 total hours = 0.96% of fee award ($10,080.00).**

It is that simple. Indeed, a reasonable argument could be made that the fair market value of Former Counsel's services is significantly less than roughly $2,450/hour and that Former Counsel should not receive the benefit of the same contingency multiplier as Class Counsel because they were terminated before the contingency occurred. But this is **less about the precise method** that the Court

chooses to calculate the fees and **more about fairly and efficiently resolving the matter.**

Former Counsel may raise the specter of other potential claims against EHDH attorneys to distract from the only issue at hand: the value of their work to the client. Other employment-related disputes are matters of state law for state court. As addressed below, the amount of Former Counsel's fee award – and only that issue – is properly resolved by this Court within its ancillary jurisdiction because it **uniquely implicates Federal Rule 23** and the integrity of the Final Order of this Court.

## II. STATEMENT OF FACTS

### a. History of the Case

The underlying lawsuit involved a class action claim against SunTrust Mortgage, Inc. to recover improperly charged "post-payment" interest to borrowers of FHA-insured mortgage loans in breach of the parties' mortgage agreements. At the time the Complaint was filed in March 2016, Plaintiff Sarah Felix was represented by Adam Hoipkemier ("Hoipkemier") of the Werner Firm, Kevin Epps ("Epps") and Jeffrey DeLoach ("DeLoach") of FBG, and counsel from Bondurant Mixson & Elmore, LLP ("BME").

Hoipkemier left the Werner Firm on June 27, 2016, and Epps and DeLoach left FBG on June 30, 2016. Together with former FBG attorney Kelly Holloway, Hoipkemier, Epps and DeLoach formed EHDH. On June 25, 2016, and June 30, 2016, Plaintiff Sarah Felix signed letters in which she elected to terminate FBG's and the Werner Firm's representations and retain Epps, Holloway & DeLoach, LLC (which shortly after became EHDH) to continue with her representation in the case. Hoipkemier Decl., Ex. A; Epps Decl., Ex. A.

Following pursuit of the claims by BME and EHDH, Plaintiff reached a mediated class settlement in principle with SunTrust for $3,500,000.00. On September 9, 2016, the Court entered an order preliminarily approving the settlement class and appointing Bondurant Mixon and EHDH as class counsel [Dkt. 36]. On February 6, 2017, the Court entered a Final Order approving the settlement agreement, certifying a settlement class, and entering final judgment in favor of the class [Dkt. 47.]

The Final Order provides for an attorney fee award of $1,050,000. [Dkt. 47 at 19.] Former Counsel contend, **and EHDH agrees**, that those firms are entitled to a fee for the services each firm provided to Plaintiff Felix. Pending the final approval of the settlement, EHDH agreed to place its entire share of the fee award (including the amounts the Court finds are due to Former Counsel) into escrow so as not to

delay relief to the class. Hoipkemier Decl. ¶ 10. Former Counsel have chosen not to respond to EHDH's efforts since July 2016 to reach a resolution of their attorney fee claims. Most recently, by letters dated February 28, 2017, counsel for EHDH proposed an equitable division of the fees in this case, but have received no response from Former Counsel to the offers to settle. See Ex. 1 and Ex. 2.

b. Former Counsel's Legal Services

Hoipkemier performed all of the substantive legal work on the case at the Werner Firm, and Epps and DeLoach performed all of the substantive work on the case at FBG. Hoipkemier Decl. ¶ 6; Epps Decl. ¶ 4.

Hoipkemier maintained contemporaneous billing records for the time he spent on the case at the Werner Firm using the firm's Toggl billing program. He recorded 4.1 hours on the case while with the Werner Firm. Hoipkemier Decl. ¶ 7. No other attorney or paralegal staff recorded any time, and, to Hoipkemier's knowledge, no one else at the firm performed any billable legal work on the case. Id., ¶ 6. Likewise, Epps and DeLoach maintained contemporaneous billing records for the time they each expended on the case at FBG using the firm's Orion billing program. Epps, DeLoach and paralegal staff billed 14.4 hours on the case while with FBG. Epps Decl. ¶ 5.

## III. ARGUMENT AND CITATION OF AUTHORITY

### a. This Court Has Jurisdiction To Determine Former Counsel's Fees.

#### i. The Final Order Reserves Exclusive Jurisdiction Over Fee Disputes

Pursuant to Section 11 of the Final Judgment, this Court "retains exclusive jurisdiction over all disputes arising from or relating to the Settlement, including **any dispute relating to attorneys' fees**." [Dkt. 47 at 19.]

#### ii. This Court Should Exercise Ancillary Jurisdiction to Protect the Integrity of its Final Order and for Judicial Economy

This Court has ancillary jurisdiction to resolve Former Counsel's fee interests as a related matter necessary to the final disposition of this case. The doctrine of ancillary jurisdiction "recognizes federal courts' jurisdiction over some matters (otherwise beyond their competence) that are incidental to other matters properly before them." *Kokkonen v. Guardian Life Ins. Co. of Am*, 511 U.S. 375, 378 (1994). Exercising ancillary jurisdiction is "particularly appropriate" in the context of an attorney fee dispute "because courts have inherent jurisdiction to supervise the bar and to insure compliance with the reasonableness standard set forth in the attorneys' rules of ethics and professional responsibility." *Hogben v. Wyndham Int'l, Inc.*, No. 05-20944-Civ, 2007 U.S. Dist. LEXIS 55792, at *13 (S.D. Fla. Aug. 1, 2007).

More specifically, in class actions under Rule 23, this Court has the responsibility to approve as fair and reasonable any attorney fee award for legal work performed on behalf of the class. *Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1293 (11th Cir. 1999) ("In considering a fee award in the class action context, the district court has a significant supervisory role.").

The Court's supervisory authority extends to Former Counsel's fee claims to protect the integrity of its Final Order:

> in a class action, whether the attorney's fees come from a common fund or are otherwise paid, the district court must exercise its inherent authority to assure that the amount and mode of payment of attorney's fees are fair and proper. Thus, **when a dispute concerning attorney's fees arises, the district court must have continuing jurisdiction to resolve the dispute in order to <u>protect the continued integrity of its order approving fair and reasonable fees in the first instance</u>.** Moreover, just resolution of the issues raised by attorney's fees disputes requires both an intimate working knowledge of what occurred during the course of the class action and a uniform dispute resolution process."

*Marino v. Pioneer Edsel Sales, Inc.*, 349 F.3d 746, 753 (4th Cir. 2003). Former Counsel can hardly argue otherwise as Pargraph 4 of the co-counsel agreement provides "[c]ounsel's work for the Class will be compensated, if at all, **with the approval and at the direction of the Court**...." Hoipkemier Decl., ¶ 5.

Federal courts have recognized that while attorneys' fee arrangements are "matters of primarily state contract law," ancillary jurisdiction covers this type of dispute because the "federal forum has a **vital interest in those arrangements**

because they bear directly upon the ability of the court to dispose of cases before it in a **fair manner**." *Novinger v. E.I. DuPont de Nemours & Co.*, 809 F.2d at 217 (3rd Cir. 1987); *Kalyawongsa v. Moffett*, 105 F.3d 283, 287-88 (6th Cir. 1997) ("we hold that although attorneys' fee arrangements are contracts under state law, the federal court's interest in fully and fairly resolving the controversies before it requires courts to exercise supplemental jurisdiction over fee disputes that are related to the main action.").

Judicial economy also underpins ancillary jurisdiction. This Court is familiar with the underlying case and can decide Former Counsel's fee claim expeditiously on **this motion** as opposed to a **protracted lawsuit** in state court. Courts regularly exercise ancillary jurisdiction to protect against such an outcome. *Cluett, Peabody & Co. v. CPC Acquisition Co.*, 863 F.2d 251, 256 (2d Cir. 1988) ("a court has a responsibility to protect its own officers in such matters as fee disputes."); *In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions*, 520 F. Supp. 635, 652 (D. Minn. 1981) (ancillary jurisdiction proper "where the Court can resolve the fee dispute more expeditiously and economically than would be the case if the parties were relegated to a state court action."); *Andrews v. Central Surety Insurance Co.*, 295 F. Supp. 1223, 1230 (D. S.C. 1969) ("It would be a useless waste of judicial time and costs for this court not to accept its responsibility and determine the issues

herein presented."); *Grimes v. Chrysler Motors Corp.*, 565 F.2d 841, 843 (2d Cir. 1977) ("considerations of judicial economy, convenience and fairness to litigants will be furthered thereby.").

### b. Former Counsel's Fee Interest is in Quantum Meruit.

Former Counsel represented Plaintiff Felix under a contingency fee agreement. Because they were discharged prior to fulfillment of the contingency, Former Counsel have no basis for collecting a fee connected to that contingency.[3] *Kirschner & Venker, P.C. v. Taylor & Martino, P.C.*, 277 Ga. App. 512, 513 (2006); *Ellerin & Assoc. v. Brawley*, 263 Ga. App. 860, 862-863 (2003); *Eichholz Law Firm, P.C. v. Jeff Martin & Assocs., P.C.*, No. CV414-172, 2016 U.S. Dist. LEXIS 113917, at *10 (S.D. Ga. Aug. 24, 2016) ("Because all OSP clients terminated Plaintiffs prior to recovery, *Kirschner* forbids Plaintiffs from recovering funds that stem from their former clients' settlements.").

Instead, the "measurement of fees" in quantum meruit is based on the "services that that were rendered by the discharged attorney to and for the benefit of

---

[3] Former Counsel are parties to a co-counsel agreement dated March 23, 2016, with BME (to which EHDH is not a party). An Amended and Restated Co-Counsel Agreement was entered between BME, Former Counsel and EHDH on October 4, 2016, which provided for the escrow of disputed fees. Hoipkemier Decl., ¶ 5, 10. Former Counsel have not made any claim to the settlement fund based on the terms of the initial co-counsel agreement, which is unenforceable in any event.

the client." *Tolson v. Sistrunk*, 332 Ga. App. 324, 333 (2015). And so, Former Counsel's fees are properly calculated based on the reasonable value to the client of the Werner Firm's (4.1 hours) and FBG's (14.4 hours) billable work.

"If the services have no value to the client, the client has no obligation to pay for them." *Haldi v. Watson*, 240 Ga. App. 801, 803 (1999). In particular, case origination of the case is **irrelevant** to a quantum meruit claim because origination confers no value on the client. "Origination or procurement of a case — in other words, rainmaking — **is not a service by an attorney that confers value upon a client** or that is rendered to or for the benefit of the client." *Tolson*, 332 Ga. App. at 334 (reversing portion of quantum meruit award based on case origination).

      i. The value of Former Counsel's limited legal services can be objectively calculated from their billing records.

Former Counsel's billing records reflect limited work on the case. The Werner Firm's records reflect that Hoipkemier billed 4.1 hours on the case. Hoipkemier Decl., Ex. 1. No other Werner Firm attorney or staff billed any time to the file. Id. Similarly, FBG's billing records reflect 14.4 billable hours that Epps and DeLoach (and paralegal staff) worked on the case. Epps Decl., Ex. 1. To Epps' knowledge, no other FBG attorneys performed any work in the case. Id. In comparison, EHDH attorneys and paralegal staff worked 97.3 hours on the case through the final approval hearing. Hoipkemier Decl., Ex. 3.

"In the absence of an enforceable contingency fee agreement, an attorney seeking quantum meruit damages must show the number of hours the attorney worked on the matter, his hourly rate, or any other evidence sufficient to prove the reasonable value of the attorney's services." *Eichholz Law Firm, P.C. v. Tate Law Grp., LLC*, 336 Ga. App. 764, 766 (2016). Taking the *Eichholz* factors into account, EHDH respectfully submits that awarding a **pro rata** share of the fee based on Former Counsel's actual billable hours is more than reasonable because it **equally values** the time spent by all of the lawyers, a result that is especially appropriate here where the same lawyers performed all of the work in question, albeit at different firms.

## CONCLUSION

For the foregoing reasons, EHDH respectfully requests that this Court enter an order: (i) determining the Werner Firm's fee for the 4.1 hours worked in the case; (ii) determining FBG's fee for the 14.4 hours worked in the case; (iii) authorizing and directing the escrow agent in possession of the disputed fees to disburse the funds to EHDH and Former Counsel according to the Court's Order and the Final Judgment, and (iv) granting such other and further relief as this Court deems just and proper.

Respectfully submitted, this 28th day of March, 2017.

                                                THE BARNES LAW GROUP, LLC

                                                /s/ Roy E. Barnes
                                                Roy E. Barnes
                                                Ga. Bar No. 039000
                                                Attorney for
                                                Epps, Holloway, DeLoach
                                                & Hoipkemier, LLC

THE BARNES LAW GROUP, LLC
31 Atlanta Street
Marietta, GA 30060
770-419-8505
770-227-6373 (fax)
roy@barneslawgroup.com

## CERTIFICATE OF SERVICE

This is to certify that on this day, I electronically filed **Class Counsel's Brief In Support of Its Motion to Determine Allocation of Attorney Fee Award to Former Counsel** with the Clerk of Court using the CM/ECF electronic filing system which will automatically send email notification of such filing to the following attorneys of record:

Fredric Joseph Bold, Jr., Esq.
bold@bmelaw.com

Michael L. Eber, Esq.
meber@rh-law.com
cmay@rh-law.com

Naveen Ramachandrappa
ramachandrappa@bmelaw.com

Steven Rosenwasser, Esq.
rosenwasser@bmelaw.com

Jeffrey Wright Willis, Esq.
jww@rh-law.com
meber@rh-law.com
cmay@rh-law.com

I hereby certify that I have served a true and exact copy of the above-referenced to the following non-CM/ECF participant via US First Class Mail and email addressed as follows:

Darren Summerville, Esq.
The Summerville Firm, LLC
400 Colony Square
1201 Peachtree Street, NE
Suite 2000
Atlanta, GA 30361
darren@summervillefirm.com

William S. Stone, Esq.
Stone Law Group
589 College Street
Blakely, GA 39823
billstone@stonelaw.com

This 28th day of March, 2017.

                              THE BARNES LAW GROUP, LLC

                              /s/ Roy E. Barnes
                              Roy E. Barnes
                              Ga. Bar No. 039000
                              Attorney for Epps, Holloway, DeLoach
                               & Hoipkemier, LLC

THE BARNES LAW GROUP, LLC
31 Atlanta Street
Marietta, Ga.  30060
BARNESLAW 770-227-6375
BARNESFAX  770-227-6373
www.barneslawgroup.com
roy@barneslawgroup.com