# EXHIBIT 2



ROY E. BARNES
JOHN R. BEVIS
JOHN F. SALTER
J. CAMERON TRIBBLE



February 28, 2017

**Via email: darren@summervillefirm.com**
**And First Class Mail**
Darren Summerville, Esq.
The Summerville Firm, LLC
400 Colony Square
1201 Peachtree Street NE Suite 2000
Atlanta, Georgia 30361

    Re:    Division of Attorney's Fees in *Felix v. SunTrust* and *Dorado v. Bank of America*

Dear Darren:

I have tried to call you to discuss this matter but have missed you.

As you know, I represent the law firm of Epps, Holloway, DeLoach & Hoipkemier, LLC (hereinafter "EHDH") regarding any rights or claims that Werner & Associates PC (the "Werner Firm") may have to fees earned under contingent fee agreements that were entered into prior to the withdrawal of Adam Hoipkemier from the Werner Firm. It is further my understanding that the primary claim is regarding several FHA class actions in which EHDH serves as class counsel.

In reviewing the matter, it appears a letter was sent to all clients informing them of the withdrawal of Mr. Hoipkemier from the Werner Firm and giving the clients the choice as to which law firm they wish to handle their legal matters. It further appears to me the clients in the FHA cases all chose to be represented by EHDH.

As I know you are aware, a case file does not belong to any firm, it belongs to the client and the client has the right to choose which lawyer shall represent him or her. It appears this matter is controlled by the 2011 case of *The Eichholz Law Firm, P.C. v. Tate Law Group, LLC*, 310 Ga.App. 848, 714 S.E.2d 413 (2011). In the *Eichholz* case, Eichholz and Tate entered into an agreement for the representation

Darren Summerville, Esq.
February 28, 2017
Page 2

of certain cases and agreed to divide any fees from those cases equally. Subsequently, the clients chose to be represented solely by Tate and litigation ensued between Eichholz and Tate. Holding the fee-splitting agreement as void on public policy grounds, the Court of Appeals held as follows:

> The Eichholz firm and the Weinstock firm (Weinstock received an assignment of the right of Eichholz to collect fees in the disputed cases.) seek to enforce the fee-splitting agreements in a manner that would contravene public policy, by allowing the Eichholz firm to receive a portion of legal fees even though its clients terminated the Eichholz firm's representation before any contingency giving rise to the fees occurred. As a matter of law, the fee-splitting provisions cannot be enforced in this manner; however, the Eichholz firm may seek to recover in quantum meruit for services it provided to the Tate firm pursuant to their joint venture. The trial court did not err in granting partial summary judgment to Mark Tate and the Tate firm and denying partial summary judgment to the Eichholz firm and the Weinstock firm on this issue.

The court also held as follows:

> When the contingency justifying a fee has not yet occurred, the discharged attorney has no basis for collecting a fee connected to that contingency. Applying this principle, we held in *Kirschner & Venker, P.C. v. Taylor & Martino, P.C.* that a discharged attorney could not seek a portion of a contingent fee from another attorney with whom the discharged attorney previously had worked on the case, on the ground that '[t]o allow a discharged attorney to collect an equal share of a contingen[t] fee as if the attorney were still involved in a case would render the discharge meaningless.' To allow a discharged attorney to collect a share of a contingent fee after being discharged also would contravene Georgia Rules of Professional Conduct, Bar Rule 4-102(d), Rule 1.5(e)(2) which provides that a 'division of a fee between lawyers who are not in the same firm may be made *only* if: …the client is advised of the share that each lawyer is to receive and does not object to the participation of all the lawyers involved.' The rule's clear intent




Darren Summerville, Esq.
February 28, 2017
Page 3

is to prohibit the sharing of a legal fee with a lawyer against the will of the client, and a violation of the rule can be a ground for disciplinary action.

See also, *Kirschner & Venker, P.C. v. Taylor & Martino, P.C.*, 277 Ga.App. 512, 627 S.E.2d 112 (2006); *Alflac, Inc. v. Williams*, 264 Ga.351, 444 S.E.2d 314 (1994); *Tolson v. Sistrunk*, 332 Ga.App. 324, 772 S.E.2d 416 (2015)

The position of EHDH is that if your client is claiming *quantum meruit* it is a matter of discussion and we will be glad to discuss the same. According to the Werner Firm's billing records, the firm recorded 4.1 hours of billable time in the *Felix v. SunTrust* matter (*i.e.* 0.96% of the total of 428.5 billable hours by all class counsel) and 59 hours of billable time in the *Dorado v. Bank of America* matter (*i.e.* 5.36% of a total of 1,100.7 billable hours by all class counsel).

As a good faith offer of settlement, EHDH will agree that the Werner Firm will receive 0.96% of the fee awarded in the *Felix* matter ($10,080) and 5.36% of the fee awarded in the *Dorado* matter (which would be $512,952 if the court grants class counsels' pending request) as a resolution of any and all claims or rights that the Werner Firm may have to receive attorney's fees in these two matters.

This correspondence is intended to be an offer to settle and not an offer of compromise and will be admissible in any subsequent proceeding to determine the amount of any fees the Werner Firm is entitled to in the FHA class actions. <u>Charter Mortg. Co. v. Ahouse</u>, 165 Ga. App. 497, 497 (1983). I would like to say that, of course, EHDH certainly wishes to resolve this matter consistent with the rules of professional responsibility and the law of this State and hopefully this can be accomplished.

I hope this correspondence finds you well.

Respectfully yours,

Roy E. Barnes



Darren Summerville, Esq.
February 28, 2017
Page 4

REB/srh
cc:    Jeffrey W. DeLoach, Esq. (via email)
        Kevin E. Epps, Esq. (via email)
        J. Edward Allen, Esq. (via email)
        Adam L. Hoipkemier, Esq. (via email)
        Kelly C. Holloway, Esq. (via email)


