IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| SARAH FELIX, formerly known as SARAH M ELLIS, individually and on behalf of a class, | * * | |
| Plaintiff, | * | CIVIL ACTION NO. 2:16-cv-00066-RWS |
| v. | * | |
| SUNTRUST MORTGAGE INC., | * | CLASS ACTION JURY TRIAL |
| Defendant. | * | |

**MOTION TO RECONSIDER, VACATE, AND
SET ASIDE THE ORDER ALLOCATING ATTORNEY'S FEES**

Respondents (nonparties) Fortson, Bentley, & Griffin, P.A. (FBG),[1] and

Werner & Associates, P.C. d/b/a The Werner Law Firm, (Werner)[2] (collectively

---

[1] FBG is a Georgia professional association organized under Georgia law with its registered office and registered agent, E. N. Whitmire III, located at 2500 Daniell's Bridge Road, Building 200, Suite 3A, Athens, Oconee County, GA, 30606. FBG is a citizen of the State of Georgia. See https://ecorp.sos.ga.gov/BusinessSearch/BusinessInformation?businessId=623648&businessType=Domestic%20Profit%20Corporation, (visited 04/23/2017). Respondents request the court to take judicial notice of FBG's citizenship and organization under Georgia law, as well as all facts in the public records maintained by the Georgia Secretary of State regarding FBG readily accessible at this website and page. Facts contained in public records are considered appropriate subjects of judicial notice. Fed.R.Evid. 201; *Santa Monica Food Not Bombs v. City of Santa Monica,* 450 F.3d 1022, 1025 (9th Cir.2006).

[2] Werner is a Georgia professional corporation organized under Georgia law with its registered office and registered agent, Michael Werner, located at 2860 Piedmont Road, Atlanta, Fulton County, GA, 30305-2819**.** Werner is a citizen of the State of Georgia. See https://ecorp.sos.ga.gov/BusinessSearch/BusinessInformation?businessId=1410349&businessType=Domestic%20Professional%20Corporation, (visited 04/23/2017). Respondents request the court to take judicial notice of Werner's citizenship and organization under Georgia law, as well as all facts in the public records maintained by the Georgia Secretary of State regarding Werner

1

Former Counsel) timely move the Court for an order reconsidering, vacating, and setting aside its April 24, 2017 Order granting the motion of Epps, Holloway, DeLoach & Hoipkemier', LLC, (EHDH)[3] to determine the allocation of attorney's fee award to former counsel on the following grounds:

1. The Court lacks subject matter jurisdiction over the controversies between Former Counsel and EHDH.

    (a) The claims asserted in EHDH motion against FBG and Werner do not arise under any statute or law of the United States and present no federal question invoking the Court's jurisdiction under 28 U.S.C. § 1331.

    (b) FBG and Werner and EHDH are all citizens of the State of Georgia and there exists no diversity of citizenship to support jurisdiction of the claims asserted in EHDH's motion against FBG and Werner under 28 U.S.C. § 1332.

---

readily accessible at this website and page. Fed.R.Evid. 201; *Santa Monica Food Not Bombs v. City of Santa Monica,* 450 F.3d 1022, 1025 (9th Cir.2006).

[3]     EHDH is a Georgia limited liability company organized under Georgia law with its registered office and registered agent, Jeffrey DeLoach, located at 1220 Langford Drive, 200A, Watkinsville, Oconee County, GA, 30677-7221. EHDH is a citizen of the State of Georgia. See https://ecorp.sos.ga.gov/BusinessSearch/BusinessInformation?businessId=2210872&businessType=Domestic%20Limited%20Liability%20Company, (visited 04/23/2017). Respondents request the court to take judicial notice of Werner's citizenship and organization under Georgia law, as well as all facts in the public records maintained by the Georgia Secretary of State regarding EHDH readily accessible at this website and page. Fed.R.Evid. 201; *Santa Monica Food Not Bombs v. City of Santa Monica,* 450 F.3d 1022, 1025 (9th Cir.2006).

(c)     There is no other federal statute conferring jurisdiction on this Court over the claims asserted in EHDH's motion against FBG and Werner.

(d)     28 U.S.C. § 1367 does not confer supplemental jurisdiction on the Court over the claims asserted by EHDH against FBG and Werner because the above action was dismissed with prejudice on February 6, 2017 (CM/EDF # 47), the Court did not reserve jurisdiction over the claims asserted in EHDH's motion against FBG and Werner (or the unfiled claims of FBG and Werner against EHDH), and the case was closed before EHDH's motion was filed on March 28, 2017. (CM/EDF minute entry February 6, 2017). The Claims asserted in EHDH's motion (and the unfiled claims of FBG and Werner against EHDH) are not "so related to claims of [the Class in this] action within [the Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

(e)     The Court has no ancillary jurisdiction over the controversies between FBG, Werner, and EHDH under *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379, 114 S.Ct. 1673, 1676 (1994) because:

    (1)     the claims asserted in EHDH's motion against FBG and Werner (and the unfiled claims of FBG and Werner against EHDH) are

3

        not in any way or to any degree factually interdependent with the claims asserted by the Class, which have been fully settled by a settlement that has been performed and paid by the Defendant SunTrust Mortgage, Inc. (SunTrust); and

(2)    adjudicating the claims asserted by in EHDH's motion against FBG and Werner (and the unfiled claims of FBG and Werner against EHDH) is not in any way or to any degree necessary to enable [the] court to function successfully, to manage its proceedings, vindicate its authority, and effectuate its decrees.

(f)    EHDH and Adam Hoipkemier' have misrepresented the provisions of the "co-counsel agreement"[4] by claiming "Paragraph 4 of the co-counsel agreement provides that "[c]ounsel's work for the Class will be compensated, if at all, with the approval and at the direction of the Court . . ." Paragraph 4 of the Amended and Restated Co-Counsel Agreement really says,

> **Counsel's** work for the Class will be compensated, if at all, with the approval and at the direction of the Court and Counsel's work for the Clients on their individual claims will be compensated as set forth in the Retention Agreements. (Emphasis added).

---

[4] Actually the "co-counsel agreement" is entitled "Amended and Restated Co-Counsel Agreement" and dated October 4, 2016. The parties to the agreement are Bondurant, Mixon, & Elmore, LLP (BME), EHDH, FBG, and Werner. A copy of the "co-counsel agreement" is attached as Exhibit 1 to the Declaration of William S. Stone served along with this motion.

This is a material misrepresentation to the Court because EHDH's and Hoipkemier' statement falsely makes it appear to the Court that FBG and Werner agreed with Bondurant, Mixon, & Elmore, LLP (BME) and EHDH in the "co-counsel agreement" that apportionment of attorney's fees awarded to **all** "[c]ounsel," including FBG and Werner, would be "at the direction of the Court."  Hoipkemier' and EHDH failed to attach a copy of the Amended and Restated Co-Counsel Agreement to EHDH's motion or to Hoipkemier' Declaration.  (CM/EDF # 49, Exhibit # 2).  They thereby concealed from the Court the true meaning of the sentence in paragraph 4 of the Amended and Restated Co-Counsel Agreement they only partially quote.

"Counsel" is a defined term in the Amended and Restated Co-Counsel Agreement that expressly **excludes** Werner and FBG. Paragraph 1 of the Amended and Restated Co-Counsel Agreement provides:

> Throughout this Agreement, "Counsel" refers to BME and EHDH, and "Former Counsel" refers to Werner and FB."

It is readily apparent that there is not now, and never has been, any agreement by "Former Counsel" (FBG and Werner) that the portion of fees paid to EHDH and its members, as well as all other damages, due FBG and Werner under Georgia contract and tort law, would be paid

5

"at the direction of this Court," particularly since these parties cannot, as a matter of law, confer subject matter jurisdiction by consent on this Court to adjudicate such claims.

In the preliminary or final motions to approve the settlement in this case (CM/ECF ## 35, 37, and 42) and in the motion for attorney's fees and reimbursement of expenses (CM/ECF # 41), EHDH and its members never disclosed the existence of FBG's and Werner's state law contract or tort claims against them for damages, including a portion of the net income derived from fees received by them in connection with this class action, caused by their fraudulent withdrawal from FBG or Werner in breach of their fiduciary duties to their former law firms.

Despite being notified by the Court to file a notice of withdrawal or substitution of counsel (Docket Min. Entries 06/30/2016 and 07/05/2016), neither Kevin Epps, Jeffrey DeLoach, nor EHDH filed a motion to substitute EHDH and its members as counsel for the Plaintiff Felix or the Class.  EHDH, Epps, DeLoach, and Hoipkemier' only filed a Notice of Change of Address.  (CM/ECF # 29).  The Court did appoint Epps, DeLoach, Hoipkemier'' and EHDH as Class Counsel along with BME on September 9, 2016.  (CM/ECF # 36, ¶ 10).  The Court also

granted Werner's motion to withdraw as plaintiff's counsel. (CM/ECF # 32). At no point did the Court reserve jurisdiction over FBG's and Werner's Georgia contract and tort law claims, including their damage claims for all or part of the net profits EHDH received by way of fees in connection with this action, as well as claims for all other damages due them from EHDH and its members.

2. The Court lacks personal jurisdiction over FBG and Werner and EHDH to adjudicate the controversies between them. EHDH is not a party to this action, and has not filed a motion to intervene as a party and assert claims against FBG and Werner, as required by 28 U.S.C. § 1367(a) (supplemental jurisdiction includes claims and involve joinder or intervention of additional parties) and Fed.R.Civ.Pr. 24(c) (a motion to intervene must be served, including a pleading setting forth the intervenors' claims). No order making EHDH a party and allowing its intervention has been entered by the Court.

Similarly, FBG and Werner are not parties to this action. No order joining FBG and Werner as parties and order issuance and service of any summons, order, *rule nisi*, or other legal process on them has been issued by the Court. No summons, order, *rule nisi*, or other legal process has been issued by this Court and served on FBG or Werner subjecting them to the personal jurisdiction of this Court for purposes of adjudicating any controversy between them and EHDH. In fact, FBG

7

and Werner were not even served with the Court's April 24, 2017 Order granting the motion of EHDH to determine the allocation of attorney's fee award to EHDH, FBG, and Werner.

3. The Court lacks *in rem* jurisdiction over the property that is the subject of the claims asserted by EHDH or FBG and Werner. No lien has been filed in this action by EHDH, FBG, or Werner or anyone else charging the portion of fees awarded to EHDH (and BFG, and/or Werner per the Amended and Restated Co-Counsel Agreement) in the final settlement agreement and decree. The funds have never been in the actual or constructive possession of this Court, because those funds were paid by SunTrust directly to BME in performance of the terms of the settlement agreement and final decree, and not into the registry of this Court. BME is presently holding the gross funds due to EHDH, BFG, and/or Werner in its trust account. BME is not a party to this action. BME was obligated under the Amended and Restated Co-Counsel Agreement, ¶ 4(b), to pay the gross funds due to EHDH, BFG, and/or Werner to the escrow agent selected by these parties. The parties selected First American Bank & Trust of Athens, Georgia to be the escrow agent. However, EHDH breached the Amended and Restated Co-Counsel Agreement by filing its motion in this Court before the funds could be deposited with the selected escrow agent.

4.      This motion is supported by the Declaration of William S. Stone and the supporting brief of FBG and Werner served along with the motion.

This 22nd day of May, 2017.

Attorneys for Nonparty Respondent
FORTSON, BENTLEY, & GRIFFIN, P.A.

**THE STONE LAW GROUP
   – TRIAL LAWYERS, LLC**

By: *s/William S. Stone*
William S. Stone
Georgia State Bar No. 684636

P. O. Drawer 70
Blakely, GA 39823
TEL 229-723-3045
FAX 229-723-4834
W. Stone email:  billstone@stonelaw.com

Attorneys for Nonparty Respondent
WERNER & ASSOCIATES, P.C.

**THE SUMMERVILLE FIRM, LLC**

By: *s/Darren Summerville*
Darren Summerville
Georgia State Bar No. 691978

400 Colony Square, Suite 2000
1201 Peachtree Street, N.E.
Atlanta, GA 30361
TEL 770.635.0030
FAX 770.635.0029
D. Summerville Email: Darren@summervillefirm.com

## CERTIFICATE OF SERVICE

  I certify that I have this day served a true and correct copy of the foregoing upon the following interested parties and their counsel by Statutory Electronic Service (email) and by the Court's CM/ECF electronic filing and notification system, properly addressed to the following persons:

EPPS, HOLLOWAY, DELOACH & HOIPKEMIER', LLC:

Roy E. Barnes
**THE BARNES LAW GROUP, LLC**
Attorneys at Law
31 Atlanta Street
Marietta, Georgia 30060
Email Roy@barneslawgroup.com

  This 22nd day of May 2017.

*William S. Stone*