# AMENDED AND RESTATED
# CO-COUNSEL AGREEMENT

The purpose of this Amended and Restated Agreement (the Agreement), entered into as of the 4th day of October, 2016, is to memorialize and revise the agreements among counsel and former counsel relating to claims by Sarah Felix against SunTrust Mortgage, Inc. and/or one or more of its parents, predecessors, successors, affiliates or related companies relating to post-closing interest (the "Action").

## 1.     Purpose of the Representation

The objectives of the Action are to recover fair compensation on behalf of a class of individuals who have improperly been charged post-payment interest by SunTrust Mortgage, Inc.

Previously, the law firms of Bondurant, Mixson & Elmore, LLP ("BME"), the Werner Law Firm ("Werner") and Fortson, Bentley & Griffin, P.A. ("FB"), were retained to serve as co-counsel in the Action.   Recently, however, Kevin E. Epps and Jeffrey W. DeLoach have left FB and Adam L. Hoipkemier left Werner, with the three of them starting a new firm, Epps, Holloway DeLoach & Hoipkemier, LLC ("EHDH"). Through this Amended and Restated Co-Counsel Agreement, BME, Werner, FB and EHDH agree that, consistent with Felix's letter of termination, from July 11, 2016 forward, BME and EHDH shall represent Felix and the putative class in the Action.   Throughout this Agreement, "Counsel" refers to BME and EHDH, and "Former Counsel" refers to Werner and FB.

## 2.     Responsibility of Counsel and Division of Labor

1465859.1

EXHIBIT 1

All Counsel shall remain at all times responsible to Clients and to advance the best interests of Clients and the parallel objectives of class representation (though Former Counsel have no ongoing responsibilities, given the transition in representation). It is Counsel's desire and intention that BME and EHDH shall serve as co-lead counsel, and will coordinate the work to be done. Counsel anticipates that the work will be divided as follows: 50% to BME and 50%to EHDH. Counsel pledge to work in good faith with one another in the orderly prosecution of the case. Former Counsel are relieved of any obligation to perform any further work regarding the Action.

3.   **Expenses of Litigation**

The prosecution of the Action is likely to entail significant expense, including internal expense by Counsel for services provided by Counsel (*e.g.,* in-house photocopying, long distance telephone charges, delivery/courier services, travel and lodging of attorneys and staff, and expenses of computerized legal research) ("Internal Expenses") and external disbursements to advance Class objectives (*e.g.,* court costs, fees and expenses of consulting and testifying experts, court reporters, videographers, and related deposition and transcript costs, document reproduction, coding and organization services, investigative services, jury consultants, costs of photography, exhibits, graphic design and other media used to present or illuminate evidence or argument, and other expenses of communication) ("External Expenses"). "External Expenses" shall include all such disbursements agreed by Counsel to be paid to third parties to advance Class objectives, except travel expenses of Counsel, which shall be treated as an Internal Expense.

1465859.1

2

EXHIBIT 1

Except as specifically provided in the Retention Agreements or as required by applicable professional and disciplinary standards and applicable law, Clients shall have no obligation to pay any litigation expenses. Counsel shall, to the full extent permissible under applicable professional and disciplinary standards, provide the "Litigation Funding" by advancing Internal Expenses and External Expenses and looking to the prospect of a recovery in the Action for reimbursement. The parties agree that decision making on expenses shall be made by Counsel pursuant to the following procedures.

(a)     **The Litigation Funding**

Counsel shall mutually work on and fund the litigation of the Action. The Litigation Funding shall be provided as follows:

(1)     Upon execution of this Agreement, Counsel will each be responsible for funding their own "Internal Expenses." Internal work by the respective firms shall be divided approximately 50% to BME and 50% to EHDH  following the date of this agreement.

(2)     On the sixtieth (60th) day after execution of this Agreement, and at each sixty (60) day interval thereafter until conclusion of the Action, BME, EHDH and BA will each pay "External Expenses" incurred during the prosecution of the case from the date of this agreement. Counsel shall be responsible for External Expenses as follows: 50% to BME and 50% to EHDH.

(3)     The External Expenses shall be disbursed directly to third parties to whom External Expenses are owed or to Counsel to reimburse Counsel for External Expenses actually paid by that firm. Each Counsel firm is responsible for

1465859.1

3

**EXHIBIT 1**

accounting records of External Expenses approved and Internal Expenses incurred for prosecution of the case.

(4)     In the event that any party fails to remit timely its share of the "External Expenses" necessary to fund the case, simple interest shall accrue to the benefit of the party making timely payment on the arrearage at the rate of: (i) eight percent (8%) per annum; or (ii) the Fed Funds interest rate published in the Wall Street Journal on the date the deposit was due, plus two percent (2%), whichever is higher.

(5)     Former Counsel are relieved of any obligation to work on the litigation or provide any portion of the Litigation Funding relating to the Action, and this Agreement imposes no obligation on Former Counsel to contribute services or financial resources towards the litigation or reimburse Counsel for providing Litigation Funding.

**(b)     Deduction of Expenses**

Subject to the approval and direction of the Court, if necessary, all reasonable Internal and External Expenses incurred by Counsel shall be deducted and reimbursed from the gross recovery obtained from the Action.  Counsel will record and accrue Internal Expenses, for which reimbursement will be deferred until the Court's approval of reimbursement from a recovery of money from the Action.  In the event recovery in the Action is insufficient to reimburse all expenses (plus any interest), the parties agree that reimbursement shall be made to Counsel pro rata as to expenses incurred and paid by Counsel,

**4.     Attorneys' Fees**

1465859.1

4

EXHIBIT 1

Counsel's work for the Class will be compensated, if at all, with the approval and at the direction of the Court and Counsel's work for the Clients on their individual claims will be compensated as set forth in the Retention Agreements.

(a) **Division of Fees Among Counsel**

Prior to this Amended and Restated Co-Counsel Agreement, the firms agreed to a modification of the original Co-Counsel Agreement to reflect additional responsibility being taken on by BME. This Agreement is intended to formally state this agreement between the firms and to address the change in representation resulting from the new firm affiliation of Adam L. Hoipkemier, Kevin E. Epps, and Jeffrey W. DeLoach.

All attorneys' fees arising out of the Action or any related action(s) prosecuted on behalf of the Class or its members, or any of them, including the individual claims of the Clients, shall be aggregated and paid and disbursed to Counsel as and when received as follows: (a) in consideration of work performed, Litigation Funding provided and risk undertaken by BME, BME shall receive fifty percent (50%) of total gross fees recovered; (b) in consideration of work performed, expenses incurred and risk undertaken by Werner, FB and EHDH, 50% of the total gross fees recovered shall be allocated to Werner, FB and EHDH. As to the latter, a total of 40% of the gross fees shall be allocated between EHDH and Werner, on the one hand, and 10% of the gross fees shall be allocated between EHDH and FB, on the other.

For purposes of this paragraph, work performed includes work performed prior to the date this agreement was executed.

In the event that BME or EHDH is unable to continue acting as counsel in this matter for any reason, BME or EHDH shall be entitled to attorneys' fees as follows: (a) if BME/EHDH is unable to continue as counsel within 365 of the date the Action is filed, then the firm no longer

1465859.1

EXHIBIT 1

serving as counsel is entitled to 10% of the total gross fees recovered and a lodestar percentage of the remaining ninety percent (90%); (b) if BME/EHDH is unable to continue as counsel after 365 days have passed since the date the Action is filed, then the firm no longer serving as counsel is entitled to 20% of the total gross fees recovered and a lodestar percentage of the remaining eighty percent (80%). This provision shall only be invoked in good faith and not merely for convenience.

        (b)    **Escrow of Disputed Fees and Expense Reimbursement**

As of the date of this Agreement, there is a dispute by and among Werner, FB and EHDH as to how the 50% fee allocated to them shall be divided among those parties. Counsel and Former Counsel agree that it is in the best interests of all parties and the Clients and Class that the prosecution of the Action should proceed without being burdened or distracted by litigation of the fee dispute among Former Counsel. For that reason, EHDH and Former Counsel each agree that the time for filing any action, proceeding or attorneys' lien related to the Action shall be tolled until the litigation is resolved and the gross fees are received by BME for distribution among Counsel and Former Counsel as provided in this Agreement. EHDH and Former Counsel each agree that during such tolling period none of them will institute, file, or prosecute any action, proceeding or attorneys' lien related to the Action. Instead, EHDH and Former Counsel agree to the escrow provisions of this Agreement to protect their interest arising from the anticipated recovery in the Action,

In the event that dispute is not resolved prior to the payment of attorneys' fees and reimbursement of Litigation Funding expenses in the Action (with such resolution demonstrated to BME by a writing executed by all parties), the 50% allocated to Werner, FB and EHDH shall be held in escrow by an escrow agent of their unanimous consent (if they cannot consent on an

EXHIBIT 1

escrow agent, BME shall be permitted to deposit the funds due to Werner, FB, and EHDH with an escrow agent of its choosing).  BME shall have no liability, responsibility or obligation whatsoever with respect to the escrow, escrow agent or division of the 50% of the fees allocated to Werner, FB and EHDH.  Rather, BME's sole obligation is to escrow the funds.  This escrow provision shall not apply to reimbursement of any Litigation Funding expenses advanced to EHDH; *i.e.*, EHDH's portion of any unreimbursed expenses shall not be escrowed, but rather shall be immediately disbursed to EHDH. Werner, FB and EHDH shall be solely responsible for all fees, costs and expenses associated with the escrow.  The dispute between Werner, FB and EHDH shall have no impact on BME's right to immediately receive and use their portions of any fees recovered; *i.e.*, BME's portion of the fee shall not be escrowed, but rather shall be immediately disbursed to BME.

5.    **Periodic Accountings of Work and Expense**

The Internal Expense charge schedule and hourly rates applicable to the Action for BME, and EHDH personnel are set forth on the schedule attached as Exhibit A.

6.    **Association of Additional Counsel**

Counsel shall have the option, on reasonable written notice to Clients, to associate additional counsel to assist in prosecuting the Action.  Counsel may employ associate counsel on an hourly basis and treat the cost as an External Expense or, on contingent fee terms provided, however, that association of additional counsel will not increase the total contingent fee set in the Client Retention Agreements.  The association of any additional counsel shall not occur unless mutually agreed upon by all Counsel.  The association of any additional counsel shall not modify of affect the allocation of gross fees recovered to Werner, FB and EHDH as provided by

1465859.1

7

EXHIBIT 1

paragraph 4 of this Agreement unless each of these firms agrees to such modification by executing a written amendment to this Agreement.

**7.     Limited Agreement to <u>Resolve Disputes by Arbitration</u>**

Any dispute arising under, out of the construction, interpretation, performance, or enforcement of,this Agreement,among Counsel, or any of them, shall be submitted to binding, confidential expedited arbitration by a sole arbitrator under the auspices of the American Arbitration Association and its Rules Governing Commercial Arbitration.  The parties intend and agree that any arbitration hearing necessary under this provision be conducted within thirty (30) days of the inception of arbitration proceedings, completed within one business day, and decided without delay.

This agreement to resolve disputes arising under or out of the construction, interpretation, performance, or enforcement of this Agreement shall be construed narrowly, and this Agreement shall not apply to the resolution of any disputes among EHDH and Former Counsel, or any of them, regarding division of fees allocated to them jointly and escrowed under this Agreement, or any other issues arising out of the withdrawal of Adam L. Hoipkemier from Werner, or the withdrawal of Kevin E. Epps or Jeffrey W. DeLoach or both of them, from FB.  Therefore, NOTWITHSTANDING ANY OTHER PROVISIONS OF THIS AGREEMENT, including this ¶ 7, Counsel and Former Counsel agree that this limited agreement to resolve by arbitration disputes arising under, out of the construction, interpretation, performance, or enforcement of this Agreement shall not apply to any other disputes whatsoever between among FB, Werner, and EHDH, or any of them.  FB, Werner, and EHDH shall not be required to resolve any such other disputes whatsoever by arbitration, but reserve their right to pursue all available legal and

EXHIBIT 1

equitable remedies and claims relating to such disputes, including but not limited to judicial remedies and jury trial in courts of competent jurisdiction.

## 8.    **Miscellaneous**

This Agreement shall be binding upon and inure to the benefit of the parties and their representatives, successors and assigns.  This Agreement, with exhibits, constitutes the entire Agreement between these parties on the subject of the Action and supersedes any and all prior agreement or understandings, written or oral, between these parties on this matter.   This Agreement is governed by and shall be construed according to the laws of the State of Georgia.

COUNSEL

_____

BONDURANT MIXSON & ELMORE, LLP

_____

THE WERNER LAW FIRM

_____

FORTSON, BENTLEY & GRIFFIN, P.A.

EPPS,    HOLLOWAY    DELOACH    & HOIPKEMIER, LLC

1465859.1

9

EXHIBIT 1

equitable remedies and claims relating to such disputes, including but not limited to judicial remedies and jury trial in courts of competent jurisdiction.

8.    **Miscellaneous**

This Agreement shall be binding upon and inure to the benefit of the parties and their representatives, successors and assigns.  This Agreement, with exhibits, constitutes the entire Agreement between these parties on the subject of the Action and supersedes any and all prior agreement or understandings, written or oral, between these parties on this matter.  This Agreement is governed by and shall be construed according to the laws of the State of Georgia.

                                                  **COUNSEL**

_____
BONDURANT MIXSON & ELMORE, LLP

_____
THE WERNER LAW FIRM

_____
FORTSON, BENTLEY & GRIFFIN, P.A.

_____
EPPS,     HOLLOWAY     DELOACH     &
HOIPKEMIER, LLC

1465859.1

9

EXHIBIT 1

equitable remedies and claims relating to such disputes, including but not limited to judicial remedies and jury trial in courts of competent jurisdiction.

8.   **Miscellaneous**

This Agreement shall be binding upon and inure to the benefit of the parties and their representatives, successors and assigns.  This Agreement, with exhibits, constitutes the entire Agreement between these parties on the subject of the Action and supersedes any and all prior agreement or understandings, written or oral, between these parties on this matter.  This Agreement is governed by and shall be construed according to the laws of the State of Georgia.

COUNSEL

_____
BONDURANT MIXSON & ELMORE, LLP

_____
THE WERNER LAW FIRM

_____
FORTSON, BENTLEY & GRIFFIN, P.A.

_____
EPPS,     HOLLOWAY     DELOACH     &
HOIPKEMIER, LLC

EXHIBIT 1

## EXHIBIT A

### Hourly Rates

**BME**

| | |
|---|---|
| Steven Rosenwasser | $655/hr |
| Naveen Ramachandrappa | $420/hr |
| Joshua Thorpe | $500/hr |
| Associates | $325/hr to $500/hr |
| Paralegals | $150/hr to $295/hr |

**Epps Holloway DeLoach & Hoipkemier, LLC**

| | |
|---|---|
| Adam Hoipkemier | $350/hr |
| Jeffrey W. DeLoach | $325/hr |
| Kevin E. Epps | $325/hr |
| J. Edward Allen | $325/hr |
| Associates | $225/hr to $275/hr |
| Paralegals | $100/hr to $115/hr |

### Internal Expenses

| | |
|---|---|
| FAXES: | No charge. |
| LONG DISTANCE: | No charge. |
| COPY: | $.10 per page (B&W); $.20 per page (color) |
| OVERTIME: | No charge. |

WESTLAW/LEXIS:   Actual charge by Westlaw/Lexis if charged on a per matter basis.  If a firm has a negotiated flat rate, then allocation shall be pro rata among clients on the basis of use of service.

1465859.1

EXHIBIT 1