IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| SARAH FELIX, formerly known as SARAH M ELLIS, individually and on behalf of a class, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NO. 2:16-cv-00066-RWS |
| v. | * | |
| | | CLASS ACTION |
| SUNTRUST MORTGAGE INC., | * | JURY TRIAL |
| Defendant. | * | |

**BRIEF IN SUPPORT OF MOTION TO
RECONSIDER, VACATE, AND SET ASIDE
THE ORDER ALLOCATING ATTORNEY'S FEES**

Respondents (who are nonparties) Fortson, Bentley, & Griffin, P.A. (FBG), and

Werner & Associates, P.C. d/b/a The Werner Law Firm, (Werner) file this brief supporting

their motion to reconsider, vacate, and set aside the Court's April 24, 2017 Order granting

the motion of Epps, Holloway, DeLoach & Hoipkemier, LLC (EHDH) (who are also

nonparties) to determine the allocation of any attorney's fee award to FBG and Werner

(CM/ECF # 49).

## I. FACTS

As co-counsel with Bondurant, Mixon, & Elmore, LLP (BME), FBG and Werner

represented the Plaintiff on behalf of the putative class when this case was originally filed

on April 4, 2016 (CM/ECF # 1). At that time, Kevin E. Epps, Kelly Holloway, Jeffrey W.

DeLoach, and Edward J. Allen were FBG shareholders, directors, officers, and employees. Adam L. Hoipkemier was a Werner employee.

Epps and Hoipkemier had been friends since law school. In or around October 2015, Hoipkemier encouraged Epps and DeLoach, along with litigation staff employees of FBG, to investigate claims and locate potential claimants against lenders for charging post-closing interest in violation of the Fair Housing Act of 1968 (FHA). In November 2015, Epps engaged George Reyes of Diligence Group, Inc. on behalf of FBG to connect with potential claimants against FHA lenders, including SunTrust Mortgage, Bank of America, N.A., U.S. Bank, N.A., and Wells Fargo, N.A. Hoipkemier, DeLoach, Allen, and Epps determined they would not be able to prosecute the FHA cases without assistance of a larger firm with experience in large class action cases. In December 2015, Hoipkemier had discussions with another of their law school friends, Naveen Ramachandrappa a BME lawyer, to secure that firm's assistance of that firm as co-counsel in prosecuting the FHA class action cases.

From November 2015 through March 2016, Epps, DeLoach, and their FBG support staff devoted substantial time and efforts to identify individuals with potential FHA claims, as did Hoipkemier and the Werner Firm personnel.

During an FBG shareholder meeting in January, 2016, Epps and Allen presented the FHA cases to the other FBG shareholders. Epps represented to FBG that BME would be involved in the cases as co-counsel and would share in the attorney's fees recovered. Epps

and Allen succeeded in persuading the other shareholders at FBG to take on this case and another similar case to be filed by Veronica Dorado against Bank of America, N.A. in Florida, by false pretenses. Epps represented to the other BME shareholders that the fees from the FHA class action cases would be **the biggest fees FBG had ever received**, with FBG's share the total attorney's fees in the range of $40 million to $50 million.

However, unknown to the other shareholders and directors at FBG, at that time Epps and Hoipkemier were scheming to terminate their relationships with FBG and Werner, start their own firm, take the FHA class action cases with them, and keep all the fees generated by these cases for themselves and their new firm, to the exclusion of FBG and Werner.

Hoipkemier enticed Werner to take on this case, the *Dorado v. Bank of America* case, and two others, *Anna Miller and Samantha Phillips v. Wells Fargo Bank, N.A.* and *Jeremy Smith v. U. S. Bank, N.A.* Strangely, the plaintiffs in the Wells Fargo case and the U. S. Bank case never retained FBG as their attorneys, but did retain Werner and BME as their attorneys. Unknown to Werner, Hoipkemier intended to terminate his relationship with Werner, join Epps, DeLoach, and Allen at the new law firm he and Epps were planning to form, take all four FHA class action cases with him, and keep all the fees generated by these cases for his new firm, to the exclusion of Werner.

In February 2016, Epps, DeLoach, and Allen finalized their agreement to leave FBG and take the FHA class action cases with them. They intended to increase their individual shares of the profits from these cases substantially, though doing so would require a breach

of their contractual and fiduciary duties to FBG and its other shareholders. In that same time frame, Hoipkemier continued to assure Werner senior attorneys that he was happy with his place at the firm, with no intention of leaving.

This case was filed on April 4, 2016. From that date through June 12, 2016, the date the new law firm (Epps, Holloway, & DeLoach, LLC) was organized, the Court's docket report verifies that there was very little activity in this case. During that time, the only significant event was a motion to dismiss filed by SunTrust on May 26, 2016 (CM/ECF # 16). Through June 2016, Epps, DeLoach, Holloway, and Allen continued to receive their draws and shareholder profit distributions from FBG, and continued to use FBG litigation staff to assist them at FBG expense on these and other potential FHA class action cases. Similarly, Hoipkemier continued to be paid his salary and incentive payments from Werner, and use Werner's staff to assist him at Werner's expense on these and other potential FHA class action cases.

On or about April 29, 2016, Epps, Holloway, DeLoach, and Allen terminated their shareholder, director, officer, and employment status with FBG, effective June 30, 2016.

On May 23, 2016, Hoipkemier's wife, Kimberly Hoipkemier, formed Virgil Langford Properties, LLC. That entity then purchased the property that would ultimately be occupied by EHDH. Epps, Holloway, DeLoach, and Hoipkemier had Kimberly Hoipkemier organize this LLC and serve as its registered agent to prevent anyone from FBG from becoming aware of their plans to form a new firm with Hoipkemier to obtain a

larger share of the fees from the FHA class action cases, and exclude FBG and Werner from receiving any of the fees from these cases.

On June 2, 2016, DeLoach notified Sarah Felix, the Plaintiff in this case, that settlement discussions already had been initiated with SunTrust to resolve her claims. On June 12, 2016, the day before the Plaintiff's response to the SunTrust motion to dismiss was filed by BME, Epps, Holloway, DeLoach, and Allen formally organized Epps, Holloway, & DeLoach, LLC (EHD) with the Georgia Secretary of State. Epps, Holloway, and DeLoach were the initial members, and Allen was Of Counsel. In the last week of June, 2016, Hoipkemier terminated his employment with Werner. On July 1, 2016, joined EHD as a member, and the name of EHD was changed to Epps, Holloway, DeLoach, & Hoipkemier, LLC (EHDH). At the urging of EHDH and its members the clients in all four of these FHA class action cases discharged FBG and Werner, and employed EHDH as their substitute counsel. The scheme came together.

FBG has unresolved claims against EHDH and its members arising under Georgia contract, commercial, and corporate law, including claims for breach of contract, breach of and accounting and settlement of shareholder/employee accounts. FGB also has unresolved claims and disputes against EHDH and its members, including Hoipkemier, arising under Georgia tort law, including claims for fraud, breach of a host of fiduciary duties, including the duty of loyalty and prohibition against self-dealing, misappropriation of business opportunities, and conspiracy to commit these and other tortious acts.

Werner has unresolved claims against EHDH and its members arising under Georgia contract, commercial, and corporate law, including claims for fraud, breach of contract, breach of a host of fiduciary duties, including the duty of loyalty and prohibition against self-dealing. Werner also has unresolved claims and disputes against EHDH and its members, including Epps, Holloway, DeLoach, and Allen, arising under Georgia tort law, including claims for fraud, breach of fiduciary duty, misappropriation of business opportunities, and conspiracy to commit these and other tortious acts.

In August-September 2016, the attorneys for the Plaintiff and SunTrust reached a mediated settlement agreement. The preliminary settlement agreement was filed with this Court on September 1, 2016. (CM/ECS # 35 and 35-2). The court preliminarily approved the settlement agreement on September 9, 2016. (CM/ECS # 36).

After weeks of negotiation, BME, EHDH, FBG, and Werner entered into an Amended and Restated Co-Counsel Agreement, dated and effective October 4, 2016 (the Co-Counsel Agreement, Exhibit 1 to the Declaration of William S. Stone). The purpose of this Co-Counsel Agreement was to prevent the disputes referenced above from delaying the resolution of this class action, postponing class members' receipt of compensation due them, delaying BME's receipt of its attorney's fees and reimbursement of litigation expenses incurred by BME or EHDH, and delaying SunTrust's receipt of the promised dismissal of this class action. (Exhibit 1 ¶ 4(b), pp. 6-7).

EHDH and Adam Hoipkemier have misrepresented the provisions of the Co-counsel Agreement by claiming "Paragraph 4 of the co-counsel agreement provides that "**[c]ounsel's** work for the Class will be compensated, if at all, with the approval and at the direction of the Court . . ." (emphasis added). Paragraph 4 of the Co-Counsel Agreement really says,

> **Counsel's** work for the Class will be compensated, if at all, with the approval and at the direction of the Court and Counsel's work for the Clients on their individual claims will be compensated as set forth in the Retention Agreements. (Emphasis added).

This is a material misrepresentation to the Court because EHDH's and Hoipkemier's statement inaccurately makes it appear to the Court that FBG and Werner agreed with BME and EHDH in the Co-counsel Agreement that apportionment of attorney's fees awarded to **all** "[c]ounsel," including FBG and Werner, would be "at the direction of the Court." Hoipkemier and EHDH failed to attach a copy of the Co-Counsel Agreement to EHDH's motion or to Hoipkemier's Declaration. (CM/EDF # 49, Exhibit # 2).[1] They thereby concealed from the Court the true meaning of the sentence in paragraph 4 of the Co-Counsel Agreement they only partially quote.

"Counsel" is a **defined** term in the Co-Counsel Agreement that expressly **excludes** Werner and FBG. Paragraph 1 of the Co-Counsel Agreement provides:

---

[1] This Co-Counsel Agreement was not attached as an Exhibit to the EHDS motion to determine fees, or to the Declarations of either Epps of Hoipkemier, which were filed in support of the motion. (CM/ECS # 49 and Exhibits 1 – 4).

Throughout this Agreement, "Counsel" refers to BME and EHDH, and "Former Counsel" refers to Werner and FB."

There is not now, and never has been, any agreement by "Former Counsel" (FBG and Werner) that the portion of fees paid to EHDH and its members, as well as all other damages, due FBG and Werner under Georgia contract and tort law, would be paid "at the direction of this Court," particularly since these parties cannot, as a matter of law, confer subject matter jurisdiction by consent on this Court to adjudicate such claims.

In the preliminary and final motions to approve the settlement in this case (CM/ECF ## 35, 37, and 42) and in the motion for attorney's fees and reimbursement of expenses (CM/ECF # 41), EHDH and its members never disclosed the existence of FBG's and Werner's state law contract or tort claims for damages against them, including claims for all or a portion of the net income derived from fees received by them in connection with this class action, caused by their fraudulent withdrawal from FBG or Werner in breach of their fiduciary duties to their former law firms.

Despite being notified by the Court to file a notice of withdrawal or substitution of counsel (Docket Min. Entries 06/30/2016 and 07/05/2016), neither Kevin Epps, Jeffrey DeLoach, nor EHDH filed a motion to substitute EHDH and its members as counsel for the Plaintiff Felix or the Class. EHDH, Epps, DeLoach, and Hoipkemier only filed a Notice of Change of Address. (CM/ECF # 29). The Court did appoint Epps, DeLoach, Hoipkemier and EHDH as Class Counsel along with BME on September 9, 2016. (CM/ECF # 36, ¶ 10). The Court also granted Werner's motion to withdraw as plaintiff's

counsel.  (CM/ECF # 32).  At no point did the Court have or reserve jurisdiction over FBG's and Werner's Georgia contract and tort law claims for damages, including all or part of the net profits EHDH received by way of fees in connection with this class action and many other cases, as well as claims for all other damages due them from EHDH and its members.

On February 6, 2017, the entered its Final Order and Judgment approving the settlement in this class action and dismissed the action with prejudice.  (CM/ECF # 47) and the Clerk terminated and closed this case by minute entry on the docket.  The time for filing post judgment motions for review or seeking appellate review expired on March 8, 2017, **before** the EHDH motion to allocate fees was filed.  (CM/ECF # 47).

Relatedly, on March 24, 2017, Hoipkemier filed CA. No. 2017CV287880 in the Superior Court of Fulton County Georgia against Werner (the Hoipkemier Fulton action).  (Exhibit 2 attached to William S. Stone Declaration).  The Hoipkemier Fulton action asserts state law claims against Werner for declaratory judgment, damages, and imposition of a constructive trust on funds held by Werner that Hoipkemier alleges are due to him for Werner's alleged breach of employment agreement with him, conversion, promissory estoppel, *quantum meruit*, unjust enrichment, prejudgment interest, and attorney's fees.  In Count One of the Complaint (¶¶ 50-56, pp. 9-10, and 16) Hoipkemier alleges claims for the same attorney's fees for representing the class in this case that EHDH requested the Court in its motion to allocate in this case.

On March 28, 2017, EHDH filed its motion requesting this Court in this case to allocate attorney's fees for representing the class between EHDH, FBG, and Werner. (CM/ECF # 49). Neither that motion, nor any of its exhibits attached to it, mentioned FBG's and Warner's state law contract and tort claims against EHDH and its members.

Interestingly, the Hoipkemier Fulton action was **filed before** the EHDH motion for allocation of attorney's fees by this Court in this case was filed. Yet neither EHDH nor Hoipkemier disclosed the Hoipkemier Fulton action to the Court in their motion in this case to have such fees awarded to them by this Court. In short, Hoipkemier appealed to the jurisdiction of Fulton Superior Court to resolve his disputes with Werner **before** he and EHDH filed their motion for allocation of fees seeking relief in this Court.

On page 2 of its brief in support of their motion, EHDH mischaracterizes FBG and Werner's claims against it and its members. However, their claims are not claims "to a share of the class fee award." The class **already** **has received** 100% of its share of the award under the Settlement Agreement approved by the Court. Class counsel's attorney's fees for representing the class **already have been awarded** by the Court. (CM/ECF # 47, p. 19).[2]

The controversies between FBG/Werner and EHDH and its members do not affect the total amount SunTrust will have to pay the class and/or its attorneys. The dispute here

---

[2] BME has not joined in EHDH's motion for allocation of fees for the simple reason there is no real dispute about the attorney's fees the court ordered to be paid to class counsel. FBG and Werner do not dispute the amount of those fees. Neither do EHDH and its members.

does not affect the total amount the class members will receive either before or after payment of attorney's fees. The Court has held a hearing, and after receiving evidence from all parties in interest in these matters who desired to submit evidence or argument, the Court made its independent finding that the total fees and expenses claimed by class counsel and awarded from the gross settlement amount to be paid for the benefit of the class is reasonable. No one, including FBG and Werner, has asserted any claim or dispute about the total amount of attorney's fees due from SunTrust by anyone. **BME has already received** 100% of the attorney's fee and litigation expense award the Court's judgment approving the Settlement Agreement awarded to Class Counsel. The fee shares of class counsel **already have been allocated by the Co-Counsel Agreement**. (See Exhibit 1, ¶ 4(a), pp. 6-5). None of the attorney's fees was paid into the Court's registry, and the Court does not have constructive possession of them. EHDH, FBG, and Werner agreed on an escrow agent to hold the portion of attorney's fees allocated to EHDH pending resolution of the claims and disputes between them.

There simply is not now, and never has been, any dispute or disagreement between the class members and their counsel or SunTrust over the amount of fees SunTrust agreed to pay, and the Court approved, as fair and reasonable fees and expenses. The disputes between BFG and EHDH and its members, and between Werner and EHDH and its members, are independent of and unrelated to the class claims in this case, and arise under separate contracts and state law.

FBG's and Werner's claims against EHDH are claims for damages, including for breach of contract, fraud, breach of fiduciary duties, and misappropriation of corporate opportunities. Their claims include claims to some or all the proceeds of the fees awards allocated to them in this case as well as fees awarded in other cases others. *See e.g. Helms & Greene, LLC v. Willis*, 333 Ga. App. 396, 399-400, 773 S.E.2d 491, 494 (2015), *reconsideration denied* (July 23, 2015), *cert. denied* (Oct. 5, 2015), quoting Restatement (Second) of Agency § 469 (1958) cmt. a.;[3] and Restatement (Third) Of Agency § 8.01 (2006) cmt. d(2);[4] and Restatement (Third) Of Agency § 8.01 (2006) cmt. d(2).[5] The Co-Counsel Agreement makes it clear that while any disputes between FBG and Werner against EHDH would not be subject to the Agreement's arbitration clause, but would be subject to any available remedy, including jury trial in a court of competent jurisdiction.

Hoipkemier clearly understands this. In his Hoipkemier Fulton action he demanded a jury trial. (Exhibit 2, ¶ 100(a), p. 16).

---

[3]     "An agent who, without the acquiescence of his principal, acts for his own benefit ... in antagonism to or in competition with the principal in a transaction is not entitled to compensation which otherwise would be due him because of the transaction. This is true even though the conduct of the agent does not harm the principal."

[4]     "An agent's breach of fiduciary duty is a basis on which the agent may be required to forfeit commissions and other compensation paid or payable to the agent during the period of the agent's disloyalty. The availability of forfeiture is not limited to its use as a defense to an agent's claim for compensation.".

[5]     "An agent's breach of fiduciary duty is a basis on which the agent may be required to forfeit commissions and other compensation paid or payable to the agent during the period of the agent's disloyalty. The availability of forfeiture is not limited to its use as a defense to an agent's claim for compensation."

Furthermore, claims for fraud, misappropriation of corporate opportunities, and breach of fiduciary duties are intentional tort claims which authorize imposition of punitive damages under O.C.G.A. § 51-12-5.1. *Schinazi v. Eden*, 338 Ga. App. 793, 801, 792 S.E.2d 94, 100 (2016), *cert. denied* (May 15, 2017).[6]Bad faith breach of contract also authorizes imposition of attorney's fees and litigation expenses as items of damages. O.C.G.A. § 13-6-11. These are remedies this Court cannot grant in this case because they are not in any way or to any degree factually interdependent with the claims asserted by the Class, which have been fully settled by a settlement that has been performed and paid by the Defendant SunTrust. They are not in any way or to any degree necessary to enable the court to function successfully, to manage its proceedings, vindicate its authority, and effectuate its decrees. The Court has fully and successfully functioned in this class action. Its proceedings are closed – dismissed with prejudice. No one is flaunting the Court's authority or disobeying its orders and decrees. See *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379, 114 S.Ct. 1673, 1676 (1994).

This Court did not retain jurisdiction over FBG's and Werner's claims against EHDH and its members concerning state law claims arising solely under separate contracts and torts that do not affect the plaintiff, the class, or the defendant, and do not affect the

---

[6]     See also *In re Gladstone*, A16A1682, 2017 WL 1013602, at *4 (Ga. Ct. App. Mar. 14, 2017); *Kahn v. Britt*, 330 Ga. App. 377, 392, 765 S.E.2d 446, 460 (2014); *Jonas v. Jonas*, 280 Ga. App. 155, 163, 633 S.E.2d 544, 551 (2006); *Home Ins. Co. v. Wynn,* 229 Ga. App. 220, 223(2), 493 S.E.2d 622 (1997).

Court's functions or conduct of its business and affairs. Significantly, the disputes at issue here never were brought to the Court's attention by EHDH during proceedings to approve the settlement and enter the final order and judgment. Neither FBG nor Werner were given any notice or opportunity to be heard on these matters at the hearing that resulted in the Court's final judgment. (DM/ECF # 47).[7] The reservation of jurisdiction "over all disputes arising from or related to the settlement, including any dispute concerning attorney's fees" (CM/ECF # 47, p. 19) only refers and applies to the attorney's fees the Court awarded to class counsel as part of the settlement itself, and not the respective liabilities of EHDH and its members to their former law firms under independent state contact and tort law that are unrelated to this *Felix* case. *Barrera v. Gamestop Corp.*, 2:09-CV-01399-ODW EX, 2012 WL 1470170, at *2 (C.D. Cal. Apr. 27, 2012) (no retention of jurisdiction where attorney's fees have already been awarded and distributed).

For the reasons set forth in Section II below, the Court's April 24 Order and Judgment (CM/ECF #s 50 and 51) was improvidently granted without subject matter jurisdiction over the controversies between FBG and Werner with EHDH and its members.

---

[7] For the district court to retain jurisdiction over an independent, unrelated fee dispute, the settlement agreement sought to be approved must specifically disclose that dispute and include a provision for resolving it. *Baer v. First Options of Chicago, Inc.*, 72 F.3d 1294, 1301 (7th Cir. 1995) (A controversy about the allocation of attorneys' fees may be resolved in federal court only if the original judgment covers that subject); *Womack v. Dolgencorp., Inc.*, 957 F. Supp. 2d 1350, 1358 (N.D. Ala. 2013), relying on *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381–82, 114 S. Ct. 1673, 1677, 128 L. Ed. 2d 391 (1994); *Barrera v. Gamestop Corp.*, 2:09-CV-01399-ODW EX, 2012 WL 1470170, at *1 (C.D. Cal. Apr. 27, 2012).

EHDH lacks standing to assert claims because it is not a party to this action. No motion to intervene was filed, and no order allowing intervention was entered as required by 28 U.S.C. § 1367(a) (supplemental jurisdiction includes claims and involve joinder or intervention of additional parties) and Fed.R.Civ.Pr. 24(c). The Court lacks personal jurisdiction over FBG and Werner because they are neither parties to this case nor counsel of record for any party, and no summons, *rule nisi*, process or order has been issued by the Court or served on either of them directing them to appear and answer EHDH's motion for allocation of attorney's fees in this class action. The Court should reconsider its order and judgment, and vacate and set aside the Allocation Order/Judgment.

## II. ARGUMENT

1.     **The Court lacks subject matter jurisdiction over the controversies between FBG and EHDH and between Werner and EHDH**.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994) (internal citations omitted) (disputes arising from separate contracts require an independent grant of jurisdiction).

      **A.     There is no federal question jurisdiction.**

The jurisdictional basis for this action against SunTrust was diversity of citizenship between Plaintiff Felix and SunTrust. No federal question claims were asserted against SunTrust and 28 U.S.C. § 1331 does not support jurisdiction.

Likewise, the claims asserted by EHDH against FBG and Werner in its motion do not arise under any federal statute or law. EHDH asserts no federal question claims against FGB or Werner and 28 U.S. C. § 1331 does not support jurisdiction. EHDH does not dispute this.

**B.    There is no diversity of citizenship jurisdiction.**

FBG and Werner and EHDH are all citizens of the State of Georgia. There exists no diversity of citizenship, and 28 U.S.C. § 1332 does not support jurisdiction over EHDH's claims against FGB or Werner. EHDH does not dispute this, either.

**C.    The Court has no supplemental or ancillary jurisdiction.**

28 U.S.C. § 1367 does not confer supplemental jurisdiction on the Court over the claims asserted by EHDH against FBG and Werner because the above action was dismissed with prejudice on February 6, 2017 (CM/EDF # 47), the Court did not reserve jurisdiction over the claims asserted by EHDH against FBG and Werner (or the unfiled claims asserted by FBG and Werner against EHDH), and the case was closed before EHDH's motion was filed on March 28, 2017. (CM/EDF minute entry February 6, 2017).[8] The claims asserted in EHDH's motion (and the claims of FBG and Werner against EHDH) are not "so related

---

[8]    See fn. 6, *supra*.

to claims of [the Class in this] action within [the Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

Likewise, the Court has no ancillary jurisdiction over the controversies between EHDH against FBG and Werner under *Kokkonen*, 511 U.S. at 379, 114 S. Ct. at 1676 because:

(1)     the claims asserted by EHDH (and the unfiled claims of FBG and Werner against EHDH) are not in any way or to any degree factually interdependent with the claims asserted by the Class, which have been fully settled by a settlement that has been fully performed and paid by the Defendant SunTrust Mortgage, Inc. (SunTrust); and

(2)     adjudicating the claims asserted by EHDH (and the unfiled claims of FBG and Werner against EHDH) is not in any way or to any degree necessary "to enable [the] court to function successfully, . . . to manage its proceedings, vindicate its authority, and effectuate its decrees."

**D.      There is no other federal statute conferring jurisdiction on the Court.**

There is no other federal statute conferring jurisdiction on the Court over the claims asserted by EHDH against FBG and Werner.  EHDH does not dispute this either.

**E.      The authorities applicable to the facts of this case hold the federal court has no jurisdiction over controversies like this involving state law claims between non-diverse law firms who are not parties to the case.**

The federal courts lack supplemental or ancillary jurisdiction over fee disputes that do not arise as a matter of necessity from anything which occurred in the underlying litigation, or over which the court does not have control over the fee in dispute.  Nor do the federal courts have jurisdiction over independent state law fee division claims between

17

non-diverse lawyers or law firms who are not parties to the case which do not directly involve their clients. *Taylor v. Kelsey*, 666 F.2d 53, 54 (4th Cir. 1981); *Bounougias v. Peters*, 369 F.2d 247, 249 (7th Cir. 1966); and *Adams v. Allied Chem. Corp.,* 503 F.Supp. 253, 255 (E.D.Va.1980). *Taylor* has been widely followed by the federal courts.[9] *In re Pantopaque Products Liab. Litig.*, 938 F. Supp. 266, 268 (D.N.J. 1996) further emphasized that a client's attorney is not a party to the case and private fee disputes among the attorneys are not the court's concern.[10]

In *Womack v. Dolgencorp., Inc.*, 957 F. Supp. 2d 1350, 1358–59 (N.D. Ala. 2013) involved a class action fee dispute among lawyers regarding fees to be awarded to the class, which was not disclosed to the court before the order approving the settlement and dismissing the case was entered. The court agreed it would have ancillary jurisdiction over

---

[9]     See *Baer v. First Options of Chicago, Inc.,* 72 F.3d 1294 (7th Cir.1995); *Cooper v. IBM Pers. Pension Plan*, 240 Fed. Appx. 133, 135 (7th Cir. 2007) (nonparty lawyer sanction for filing such a frivolous claim in federal court); *Fed. Sav. & Loan Ins. Corp. v. Ferrante*, 364 F.3d 1037, 1041 (9th Cir. 2004); *Tamosaitis v. URS Corp.*, CV-11-5157-LRS, 2016 WL 236230, at *2–3 (E.D. Wash. Jan. 20, 2016); *Woodson v. City of Richmond, Va.*, 3:13CVL34, 2015 WL 2256576, at *4 (E.D. Va. May 13, 2015) (fee dispute between departing lawyers and their former law firm); *Womack v. Dolgencorp., Inc.*, 957 F.Supp.2d 1350 (N.D. Ala. 2013); *Barrera v. Gamestop Corp.*, 2:09-CV-01399-ODW EX, 2012 WL 1470170, at *1 (C.D. Cal. Apr. 27, 2012); *Aikens v. Deluxe Fin. Servs., Inc.*, CIV.A.01-2427-CM-DJW, 2006 WL 2714513, at *1 (D. Kan. Sept. 22, 2006) (mediator's fee dispute); *In re Pantopaque Products Liab. Litig.*, 938 F. Supp. 266, 268 (D.N.J. 1996); *Foster v. Bd. of Trustees of Butler Cty. Cmty. Coll.*, 771 F. Supp. 1118, 1121 (D. Kan. 1991); *In re Hijacking of Pan Am. World Airways, Inc. Aircraft at Karachi Int'l Airport*, 698 F. Supp. 479, 482 (S.D.N.Y. 1988).

[10]    Plaintiffs' counsel is not a party to this litigation, which exists strictly to determine if plaintiffs have been wronged by defendants, and to remedy any wrong that may have occurred. "The interests of the attorneys to this case concern the Court only to the extent that they affect counsels' ability to pursue their clients' cases with the full vigor that the adversary process demands. Private disputes between them over economic matters have no business here." *Id.*

the dispute **if** its order had reserved jurisdiction over that dispute. However, the court said,

"That, however, was not the case here. The undersigned was not even aware of the dispute at the time it entered its order approving the settlement and entering final judgment."

Relying on *Taylor*, the court ruled,

> The short of the matter is this: The instant dispute involves a claim between non-diverse law firms who were not parties in the earlier federal suit. That claim is a state law claim for breach of an alleged fee agreement between those law firms. No attorney lien has been asserted. There is not even a claim (as there was in *Kokkonen*) that part of the consideration for that alleged agreement was dismissal of the earlier federal suit. Even if there were such a claim,
>
> > [n]o federal statute makes that connection (if it constitutionally could) the basis for federal-court jurisdiction over the contract dispute. The facts to be determined with regard to such alleged breaches of contract are quite separate from the facts to be determined in the principal suit, and automatic jurisdiction over such contracts is in no way essential to the conduct of federal-court business.
>
> *Id.*
>
> Nor did this court retain jurisdiction to decide the instant dispute. "Absent such action," determination of the dispute "is for state courts, unless there is some independent basis for federal jurisdiction." *Id.* at 382, 114 S.Ct. 1673. For the reasons previously set forth, there is no such independent basis present here.
>
> In *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. 1981)[11] a law firm filed a motion

to withdraw from representing a client for non-payment of its fees. The federal court

---

[11] As the Court is without the slightest doubt aware, in *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit issued before October 1, 1981. *See also Womack v. Dolgencorp., Inc.*, 957 F. Supp. 2d 1350, 1353 (N.D. Ala. 2013) (adopting that rule specifically regarding *Broughton v. Voss*); and *Air W. E. Commc'ns, LLC v. State Farm Fire & Cas. Co.*, 1:10-CV-2767-JEC-SSC, 2012 WL 12835639, at *2 (N.D. Ga. Mar. 23, 2012) (same).

required resolution of the fee dispute as a condition of the law firm's withdrawal. The Fifth Circuit reversed, holding, <u>the court must have an independent base of jurisdiction in the form of a separate action concerning the issue of fees.</u>

Recently, *Broughton* was followed by this Court as controlling authority in the Eleventh Circuit. *Air W. E. Commc'ns, LLC v. State Farm Fire & Cas. Co.*, 1:10-CV-2767-JEC-SSC, 2012 WL 12835639, at *2 (N.D. Ga. Mar. 23, 2012) (order requiring refund of part of attorney's fee vacated as improvidently granted because the district court lacked jurisdiction over fee disputes).

Each of these cases holds the Court does not have jurisdiction over EHDH's claims against FBG and Werner in this case. Therefore, the Allocation Order (CM/ECF # 50) should be vacated and set aside as improvidently granted, as there was no subject matter jurisdiction.

> **F.    The authorities cited by EHDH in its motion are not applicable to the facts of this case and do not hold the federal court has jurisdiction over controversies like this involving state law claims between non-diverse law firms who are not parties to the case.**

Each of the cases EHDH cites cases as supporting this Court's jurisdiction over its claims against FBG and Werner involves an **attorney-client fee** or litigation expense reimbursement dispute relating to the underlying litigation. As pointed out above, this case

does not involve such a dispute.[12]  In fact, *Novinger v. E.I. DuPont de Nemours & Co., Inc.*, 809 F.2d 212, 217–18 (3d Cir. 1987) specifically holds:

> "We leave for another day the question whether ancillary jurisdiction extends to the resolution of a post settlement fee dispute between two attorneys, only one of whom was attorney of record.  *See Taylor v. Kelsey,* 666 F.2d 53 (4th Cir.1981) (*per curiam*)."

*Id*. at 218, fn. 4.

None of these cases cited by EHCH supports exercise of federal jurisdiction over a fee dispute **between attorneys** except where there is an independent basis for federal jurisdiction, such as federal question jurisdiction, diversity jurisdiction, *in rem* jurisdiction over the funds, or resolution of the fee dispute arises as a matter of necessity from something which occurred in the underlying litigation, *i.e.* a settlement agreement in which the resolution of the fee dispute between the attorneys is necessary for the resolution of the main case.  None of these exceptions is present in this case.

The quote from *Kokkonen 511 U.S. at 377, 114 S.Ct. at 1676* at p. 7 of EHDH's brief supporting its motion is taken out of context, and presupposes that the dispute in that case was incidental to the underlying case which was properly before this Court.  The Supreme

_____

[12]  *Hogben v. Wyndham Int't, Inc.*, No. )5-20944-Civ, 2007 U.S. Dist. LEXIS 44792, AT *13 (S.D. Fla. Aug. 1, 2007); *Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291 (11th Cir. 1999); *Marino v. Pioneer Edsel Sales, Inc.*, 349 F.3d 746 (4th Cir. 2003); *Novinger v. E.I. DuPont de Nemours & Co., Inc.*, 809 F.2d 212, 217–18 (3d Cir. 1987); *Kalyawongsa v. Moffett*, 105 F.3d 283, 284–86 (6th Cir. 1997); *Cluett, Peabody & Co., Inc. v. CPC Acquisition Co., Inc.*, 863 F.2d 251, 252–54 (2d Cir. 1988); *In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions*, 520 F. Supp. 635 (D. Minn. 1981); *Andrews v. Cent. Sur. Ins. Co.*, 295 F. Supp. 1223, 1225 (D.S.C. 1969): *Grimes v. Chrysler Motors Corp.*, 565 F.2d 841, 844 (2d Cir. 1977).

Court held it was not, and ordered the case dismissed for lack of subject matter jurisdiction. As demonstrated above, state law fee disputes between attorneys, are treated differently for jurisdictional purposes than attorney-client fee disputes related to the underlying litigation. Federal courts do have supplemental or ancillary jurisdiction over attorney-client fee disputes related to the litigation, but do not have such jurisdiction over fee disputes between attorneys even if they are related indirectly to the litigation. *See Taylor,* 666 F.2d 53 and the cases cited at Part II(1)(E) above; *compare* cases cited in this Part II(1)(F).

None of the cases cited by EHDH supports the Court's jurisdiction over EHDH's claims to allocate fees as between it and FBG and Werner in this case. Therefore, the Allocation order (CM/ECF # 50) should be vacated and set aside as improvidently granted without subject matter jurisdiction.

2.  **The Court lacks personal jurisdiction over FBG and Werner and EHDH to adjudicate the controversies between them**.

EHDH is not a party to this action, and has not filed a motion to intervene as a party and assert claims against FBG and Werner, as required by 28 U.S.C. § 1367(a) (supplemental jurisdiction includes claims and involves joinder or intervention of additional parties) and Fed.R.Civ.Pr. 24(c) (a motion to intervene must be served, including a pleading setting forth the intervenors' claims). Intervention by EHDH and adding FBG and Werner as parties to this action is required to confer jurisdiction on this Court. It is axiomatic that a federal court may only adjudicate the claims of persons who are parties before it. *SEC v. Investors Sec. Leasing Co.,* 610 F.2d 175, 177–78 (3d Cir. 1979) (district

22

courts do not have jurisdiction to consider claims of nonparties). Here EHDH, a nonparty,

seeks enforcement of rights which allegedly run to it, rather than to any party. EHDH must

first seek to intervene under Rule 24 before it may assert its claims in this case. *In re Fine*

*Paper Antitrust Litigation,* 695 F.2d 494, 499 (3d Cir.1982) (absent intervention nonparties

are without standing to present claims to a court); *Cooper v. IBM Pers. Pension Plan*, 240

Fed. Appx. 133, 135 (7th Cir. 2007); *In re Pantopaque Products Liab. Litig.*, 938 F. Supp.

266, 273 (D.N.J. 1996); *Foster v. Bd. of Trustees of Butler Cty. Cmty. Coll.*, 771 F. Supp.

1118, 1120 (D. Kan. 1991).

However, exercise of supplemental jurisdiction by intervention is prohibited in this

case by 28 U.S.C. § 1367(b) because there is no complete diversity between EHDH, FBG,

and Werner.[13] *Foster v. Bd. of Trustees, supra*.

The Court has issued no order allowing intervention, or (just as importantly) adding

FBG and Werner as parties to this action. No summons, order, *rule nisi*, or other legal

process has been issued by the Court or served on FGB or Werner subjecting them to the

personal jurisdiction of this Court concerning any controversy between them and EHDH.

---

[13]    28 U.S.C. § 1367(b) provides:

> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs . . . seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332. (Emphasis added).

In fact, FBG and Werner were not even served with the Court's April 24, 2017 Allocation Order.

The Court lacks personal jurisdiction over FBG and Werner to adjudicate their rights as neither they nor EHDH are parties to this case. Therefore, the Allocation order (CM/ECF # 50) should be vacated and set aside as improvidently granted without personal jurisdiction over FBG and Werner to adjudicate their rights.

3. **The Court lacks *in rem* jurisdiction over the property that is the subject of the claims asserted by EHDH or FBG and Werner.**

No lien has been filed with this Court by EHDH, FBG, or Werner or anyone else charging the portion of fees awarded to class counsel in the final settlement agreement and decree. Under ¶ 4(b) of the Co-Counsel Agreement (Exhibit 1), the parties agreed not to assert liens against this case or its proceeds, but to protect their interests pay placing the funds at issue in an escrow account.

The funds representing these fees have never been in the actual or constructive possession of this Court or its registry, because they were paid by SunTrust directly to BME under the terms of the settlement agreement and final decree. BME is presently holding the gross funds due to EHDH, BFG, and/or Werner in its trust account. BME is not a party to this action. BME was obligated under the Co-counsel Agreement, ¶ 4(b), pp. 6-7, to pay the gross funds due to EHDH, BFG, and/or Werner to the escrow agent selected by these parties. The parties selected First American Bank & Trust of Athens, Georgia to be the escrow agent. However, EHDH breached the Co-counsel Agreement refusing to

agree to the escrow agreement and by filing its motion in this Court before the funds could be deposited with the selected escrow agent.

Therefore, the Allocation order (CM/ECF # 50) should be vacated and set aside as improvidently granted without *in rem* jurisdiction over the attorney's fees fund to adjudicate the rights of EHDH, FBG, or Werner to those funds.

This 22nd day of May, 2017.

> Attorneys for Nonparty Respondent
> FORTSON, BENTLEY, & GRIFFIN, P.A.
> THE STONE LAW GROUP
> – TRIAL LAWYERS, LLC
>
> By: *s/William S. Stone*
> William S. Stone
> Georgia State Bar No. 684636

P. O. Drawer 70
Blakely, GA 39823
TEL 229-723-3045
FAX 229-723-4834
W. Stone email:  billstone@stonelaw.com

> Attorneys for Nonparty Respondent
> WERNER & ASSOCIATES, P.C.
> THE SUMMERVILLE FIRM, LLC
>
> By: *s/ Darren Summerville*
> Darren Summerville
> Georgia State Bar No. 691978
> Signature attached by Mr. Stone with Mr. Summerville's express permission

400 Colony Square, Suite 2000
1201 Peachtree Street, N.E.
Atlanta, GA 30361
TEL 770.635.0030
FAX 770.635.0029
D. Summerville Email: Darren@summervillefirm.com

## CERTIFICATE OF SERVICE

I certify that I have this day served a true and correct copy of the foregoing upon the following interested parties and their counsel by Statutory Electronic Service (email) and by the Court's CM/ECF electronic filing and notification system, properly addressed to the following persons:

EPPS, HOLLOWAY, DELOACH & HOIPKEMEIR, LLC:

Roy E. Barnes
**THE BARNES LAW GROUP, LLC**
Attorneys at Law
31 Atlanta Street
Marietta, Georgia 30060
Email Roy@barneslawgroup.com

This 22nd day of May 2017.

*William S. Stone*