# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | |
|---|---|
| SARAH FELIX, formerly known as SARAH M. ELLIS, individually and on behalf of a class,<br><br>        Plaintiff,<br><br>v.<br><br>SUNTRUST MORTGAGE, INC.,<br><br>        Defendant. | Civil Action No.<br>2:16-CV-00066-RWS<br><br>CLASS ACTION |

## CLASS COUNSEL'S RESPONSE IN OPPOSITION TO FORMER COUNSEL'S MOTION TO VACATE JUDGMENT ALLOCATING FEES

Roy E. Barnes
The Barnes Law Group, LLC
31 Atlanta Street
Marietta, Georgia 30060

*Counsel for Epps, Holloway, DeLoach & Hoipkemier, LLC*

Table of Contents

**INTRODUCTION** ................................................................................................ **1**

**STATEMENT OF FACTS** ................................................................................. **5**

   Jurisdictional Facts ............................................................................................ 5

   The Substance of the Allocation Order is Uncontroverted ............................... 6

   The Co-Counsel Agreements and the Escrow ................................................... 7

   State Law Claims are Irrelevant to Jurisdiction ............................................... 9

**ARGUMENT** ...................................................................................................... **11**

   Legal Standard .................................................................................................. 11

      Supplemental Jurisdiction: "Part of the Same Case" ................................ 11

      Ancillary Jurisdiction: "Complete Justice" .............................................. 12

   This Court Appropriately Exercised Jurisdiction Over Former Counsel's Fee Claim
   Under § 1367 (a) .............................................................................................. 13

   This Court Appropriately Exercised Ancillary Jurisdiction to Do "Complete Justice"
   and Effectuate Its Fee Award .......................................................................... 15

      Former Counsel's cases are distinguishable .......................................... 17

   Former Counsel Submitted to Personal Jurisdiction ....................................... 20

   This Court Has Constructive Possession of the Escrowed Fees ..................... 23

**CONCLUSION** .................................................................................................. **24**

Class Counsel Epps, Holloway, DeLoach & Hoipkemier, LLC ("EHDH") responds to Fortson Bentley & Griffin, P.C. ("FBG") and Werner & Associates, P.C.'s ("Werner"; together, "Former Counsel") motion to vacate this Court's judgment allocating a share of the class fee award to Former Counsel [Dkt. 50; the "Allocation Order"], showing as follows.

## I.     <u>INTRODUCTION</u>

This Court appropriately exercised its discretionary jurisdiction under 28 U.S.C. § 1367 (a) and the related concept of ancillary jurisdiction to provide its officers with a judicially economic and convenient forum to resolve a relatively minor fee dispute. Former Counsel claim an interest in the class fee award based on their work as counsel of record in this case, but simultaneously argue this Court lacked authority to determine their fair share of the fee. Former Counsel cannot have it both ways.  Relegating the determination of the fee to an unfamiliar state court judge not only would impair the Court's power to ensure the continued integrity of its fee award, but also would harm judicial economy and efficiency.

There is no dispute Former Counsel were properly served with the Motion to Determine Allocation of Attorney Fee Award to Former Counsel [Dkt. 49, "The Motion to Allocate Fees"] and had a full and fair opportunity to present any rebuttal evidence or argument they wished regarding the value of their fees. **They chose not**

**to respond.**   Notably, Former Counsel's Motion to Vacate the Allocation Order presents no evidence and makes no argument about what they believe is an appropriate allocation of the class fee award.  Instead, Former Counsel errantly argue that this Court does not have jurisdiction to allocate the class fee award and that alleged (but unasserted) state law claims against EHDH, which are unaffected by the Allocation Order, prevent this Court from exercising its jurisdiction to allocate the class fee award.

The sum total of Former Counsel's objection to subject matter jurisdiction is this: "the above action was dismissed with prejudice…the Court did not reserve jurisdiction over the claims asserted by EHDH against FBG and Werner…and the case was closed before EHDH's motion was filed." Dkt. 54-4 at 16.  And so, Former Counsel argue, there is no supplemental or ancillary jurisdiction because allocating the fee to Former Counsel was not necessary "to enable [the] court to function successfully, . . . to manage its proceedings, vindicate its authority, and effectuate its decrees." *Id.* Former Counsel are plainly wrong.

Importantly, the Court <u>did</u> expressly reserve continuing jurisdiction over fee disputes in the final judgment:

> The Court retains exclusive jurisdiction over all disputes arising from or relating to the Settlement, **including any dispute relating to attorneys' fees.**

Dkt. 47 at 19 (emphasis added).  The Eleventh Circuit has held Federal Rule 23 requires the district court to exert a "significant supervisory role" over fee awards in class actions.  Federal law overwhelmingly supports the Court's fulfillment of that role here, with every federal appellate court to consider the question recognizing that supplemental or ancillary jurisdiction extends to fee disputes among counsel (absent a purely private contractual dispute).[1]

---

[1] *E.g. Law Offices of David Efron v. Matthews & Fullmer Law Firm*, 782 F.3d 46, 50 (1st Cir. 2015) (resolving fee dispute between counsel where funds were in court's control); *Alderman v. Pan Am World Airways*, 169 F.3d 99, 102 (2d Cir. 1999) (district court "properly exercised supplemental jurisdiction over the attorney fee claim arising from [law firms'] dispute."); *Marino v. Pioneer Edsel Sales, Inc.*, 349 F.3d 746, 753 (4th Cir. 2003) ("when a dispute concerning attorney's fees arises, the district court must have continuing jurisdiction to resolve the dispute in order to protect the continued integrity of its order approving fair and reasonable fees in the first instance."); *Maltman v. Consol. Rail Corp.*, No. 92-3381, 1993 U.S. App. LEXIS 11816, at *5-6 (6th Cir. May 11, 1993) ("In a suit in which the district court has federal question or diversity jurisdiction, **the district court also has ancillary jurisdiction over attorney fee disputes among non-diverse attorneys**."); *Baer v. First Options of Chicago*, 72 F.3d 1294, 1300 (7th Cir. 1995) (concluding that district court had supplemental jurisdiction over post-settlement lawyer-verses-lawyer fee dispute); *Cassino v. Reichhold Chem., Inc.*, No. 91-35693, No. 91-35838, 1993 U.S. App. LEXIS 313, at *4 (9th Cir. Jan. 5, 1993) ("A district court's **ancillary jurisdiction includes the jurisdiction to determine the division of fees among attorneys**."); *Clark v. Kick*, 79 F. Supp. 2d 747, 749 (S.D. Tex. 2000) ("**A court has supplemental jurisdiction to hear fee disputes…between groups of attorneys**, without regard to the jurisdiction basis of the original action, so long as the fee dispute relates to the original action."); *Mason v. City of N.Y.*, No. 13-cv-7139 (PKC), 2016 U.S. Dist. LEXIS 63198, at *6-7 (S.D.N.Y. May 12, 2016) ("The current dispute between Mason's two previous attorneys over attorney's fees to be paid from the settlement proceeds is **unquestionably related** to Mason's underlying section 1983 action.") (emphasis added).

While Former Counsel seek to skirt this Court's oversight, they are unable to cite a single case where a federal appellate court reversed on jurisdictional grounds the discretionary exercise of jurisdiction to allocate a class fee award among counsel. To be sure, ancillary jurisdiction is discretionary based on judicial economy, fairness to the parties, and other factors.   All of those factors support jurisdiction here. Former Counsel cite a handful of district court opinions where the court **declined to exercise its discretion** to resolve a fee dispute (*e.g.* when the dispute involved a private fee-splitting agreement between counsel or the judgment did not reserve jurisdiction over fee disputes), but those distinguishable decisions are no cause for this Court to reconsider or vacate its decision to exercise jurisdiction over the fee award.

With little to say about jurisdiction, Former Counsel spend much of their briefing on a lengthy diatribe about "unresolved" state law claims or levying personal attacks against EHDH and its members.   EHDH will save its substantive response to these meritless allegations for the proper state court forum, as EHDH and Former Counsel agree about at least one thing: "This Court did not retain jurisdiction over FBG's and Werner's claims against EHDH and its members concerning state law claims…"   Dkt. 54-4 at 13.   The Allocation Order is no impediment to Former Counsel filing whatever state law claims they believe they

have against EHDH or its members in state court. Any state law claims are simply irrelevant to the allocation of the **fee award** or consideration of jurisdiction.

The Court was not called on to interpret a private agreement between law firms; it exercised its power and responsibility under Rule 23 to determine a reasonable fee. In sum, each of Former Counsel's objections depend on the premise that a district court lacks discretion to expressly retain jurisdiction to address fee disputes and then allocate a class fee among counsel who appeared before the court. Because that premise fails, Former Counsel should not be permitted to hold up disbursement of the fee award any longer.[2] The motion to vacate the Allocation Order should be denied.

## II. <u>STATEMENT OF FACTS</u>

### a. <u>Jurisdictional Facts</u>

These are the key jurisdictional considerations:

- The Court **expressly reserved** jurisdiction over "any dispute involving attorney's fees" in the Final Judgment. Dkt. 47 at 19.

- Former Counsel consented to jurisdiction when they **expressly agreed** their work for the Class would only be compensated "with the approval and at the direction of the Court." Dkt. 49-2 at 2-3. Former

---

[2] As noted below, Bondurant Mixson & Elmore, LLP ("BME") is still holding the fee award in its escrow account because it does not believe the Court's direction that the "escrow agent" disburse applies to BME. EHDH respectfully requests the Court clarify in its order denying the motion to vacate that BME should disburse the escrowed fees among EHDH and Former Counsel.

Counsel accuse EHDH of a "material misrepresentation to the Court" but they are confused about or misstating the applicable agreement.[3]

- Former Counsel each entered an appearance as counsel and were served with the Motion to Allocate Fees. Dkt. 1 (Complaint); Dkt. 26 (Entry of Appearance); Dkt. 49 (Certificate of Service).

- The Allocation Order determined Former Counsel's fair share of the fee award under Rule 23 (not rights under a private fee-splitting agreement).

- Former Counsel admit (and EHDH agrees) this is not the proper forum for any state law claims they may have against EHDH or its members (and vice versa). Dkt. 54-4 at 13.

### b. The Substance of the Allocation Order is Uncontroverted

Former Counsel do not dispute the amount of the fee awards. Former Counsel have not challenged EHDH's evidence of the fair value of their fees or submitted any evidence of their own. The Court's allocation of the fee in the Allocation Order, which is based on the undisputed evidence of the hours worked and standard hourly rates, is uncontroverted.

---

[3] Former Counsel consented to jurisdiction in the **original** co-counsel agreement dated March 23, 2016 (under which they performed all of their work in the case). Hoipkemier Decl. ¶ 5. Former Counsel mis-cite to the **amended** co-counsel agreement dated October 4, 2016. Stone Decl., Dkt. 54-2, Ex. 1. EHDH assumes this was an innocent error and not an effort to mislead the Court.

### c. The Co-Counsel Agreements and the Escrow

Former Counsel are party to two co-counsel agreements.  The first agreement ("Co-Counsel Agreement") is dated March 23, 2016.  This is the agreement referenced in Hoipkemier's declaration.  Hoipkemier Decl. ¶ 5 ("On March 23, 2016, the Werner Firm entered into a co-counsel agreement with Bondurant Mixson & Elmore, LLP and Fortson Bentley & Griffin, P.C.").  Section 4 of the Co-Counsel Agreement provides:

> Counsel's work for the Class will be compensated, if at all, with the approval and at the direction of the Court.

*Id.*[4]

After Former Counsel were discharged by Plaintiff Felix, all of the law firms involved (BME; EHDH; Werner; FBG) entered into an Amended Co-Counsel Agreement detailing the new attorney-client relationship and providing for an escrow of EHDH's share of the fees earned as class counsel (in which Former Counsel admittedly had a *quantum meruit* interest for their work prior to discharge). It is this second agreement that Former Counsel reference in their motion, wrongly accusing EHDH and Hoipkemier of misrepresenting the terms of the parties'

---

[4] Former Counsel do not dispute the Hoipkemier Declaration accurately quotes Section 4 of the Co-Counsel Agreement or that they are "Counsel" under that agreement.

agreement.  Dkt. 54-4 at 7.  Former Counsel cannot dispute their consent to this Court's jurisdiction to approve any fee award in the **original** Co-Counsel Agreement.

Contrary to Former Counsel's bolded misrepresentation, there was absolutely no agreement or allocation of fees between EHDH and Former Counsel.  Dkt. 54-4 at 11.  That is why the Allocation Order was necessary.  As the escrow provision in the Amended Co-Counsel Agreement notes "there is a dispute among Werner, FB and EHDH as to how the 50% fee allocated to them shall be divided among those parties" and "the 50% allocated to Werner, FB and EHDH shall be held in escrow…" Dkt. 54-2, Ex. 1 at 6.

While Former Counsel attempt (over and over) to relate their "unfiled" state law claims to the escrow, the escrow only pertains to the allocation of the fee award. Dkt. 54-4 at 6.  Former Counsel asserted their intent to file liens to protect their fee interest and so EHDH agreed to the escrow as alternate means to protect Former Counsel's interest in the prospective fee pending a judicial determination.

Any state law claims Former Counsel may have would be for **damages** and have no relevance to "how the **50% fee allocated to [EHDH and Former Counsel] shall be divided** among those parties." Dkt. 54-2, Ex. 1 at 6.  Former Counsel appear to concede this point.  Dkt. 54-4 at 8 ("EHDH and its members never disclosed the

existence of FBG's and Werner's state law contract or tort claims against them for **damages**...") (emphasis added). The agreement to escrow the class fee award pending an equitable division of the fees awarded does not contemplate the existence of any state law claims between the parties, let alone provide that the fee award would be escrowed until unidentified state law claims are resolved at some indefinite point in the future. Instead, the clear terms of the Amended Co-Counsel Agreement reveal that EHDH agreed to escrow its fee because it acknowledged Former Counsel had a *quantum meruit* interest in a portion of the fee under Georgia law. In essence, Former Counsel are asking this Court to convert an agreement to escrow a class fee award pending allocation of their *quantum meruit* interest into prejudgment attachment of the class fee award pending resolution of unfiled alleged state law claims. There is no factual or legal basis supporting Former Counsel's position on this matter.

### d. <u>State Law Claims Are Irrelevant To Jurisdiction.</u>

Through counsel, Former Counsel make a number of grossly inaccurate assertions about the departure of EHDH's members and purported "unresolved" state law claims. *E.g.* Dkt. 54-4 at 2-6, 10-13. EHDH will vigorously defend itself if any state law claims are filed in a proper forum. Because Former Counsel concede that "[t]his Court did not retain jurisdiction over FBG's and Werner's claims against

EHDH and its members concerning state law claims," any such claims are irrelevant to the issue before the Court. *Id.* at 13.

Former Counsel also reference a lawsuit that Hoipkemier filed in state court against Werner related to amounts due him under his **employment agreement**. Again, Former Counsel misstate the facts when they say "Hoipkemier alleges claims for the same attorney's fees for representing the class in this case that EHDH requested the Court in its motion to allocate." Dkt. 54-4 at 9. Hoipkemier's employment-related claims under state law have no relevance or relationship to the allocation of the class fee award to Former Counsel. Unlike Former Counsel, Hoipkemier has never claimed a direct interest in the class fee award; only a share of profits from his former employer. As with Former Counsel's purported claims, state court is the proper forum for Hoipkemier's claim.

Finally, Former Counsel errantly allege that "EHDH breached the Co-counsel Agreement [by] refusing to agree to the escrow agreement." Dkt. 54-4 at 24-25. Instead, Former Counsel insisted on a number of one-sided and unfair terms in the escrow agreement that EHDH had no contractual obligation to accept. Notably, Former Counsel cite no contractual provision that was even arguably breached.

## III.   ARGUMENT

### a.  Legal Standard

#### i.  Supplemental Jurisdiction: "Part of the Same Case"

Under 28 U.S.C. § 1367(a), the district court's supplemental jurisdiction is codified as follows:

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

"The constitutional 'case or controversy' standard confers supplemental jurisdiction over all state claims which arise out of a common nucleus of operative fact with a substantial federal claim." *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006). Generally, federal courts addressing the issue have concluded that fee disputes between counsel meet the "relatedness" test for supplemental jurisdiction. *E.g.* n. 2, *supra*.

A district court has authority to reserve jurisdiction over a settlement agreement in the final judgment; in such a case, independent basis for federal jurisdiction is unnecessary to exercise ancillary jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82, 114 S. Ct. 1673, 1677 (1994) ("we think the court is authorized to embody the settlement contract in its dismissal order (or,

what has the same effect, retain jurisdiction over the settlement contract) if the parties agree. **Absent such action**, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction.") (emphasis added).

### ii.   Ancillary Jurisdiction: "Complete Justice"

Ancillary jurisdiction rests on the premise that a federal court acquires jurisdiction of a case or controversy in its entirety and may decide collateral matters necessary to render complete justice. *Nat'l City Mortgage Co. v. Stephen*, 647 F.3d 78, 85 (3d Cir. 2011) ("Ancillary jurisdiction is a common law doctrine that survived the codification of supplemental jurisdiction in 28 U.S.C. § 1367."); 13 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3523 (1975); *Jenkins v. Weinshienk*, 670 F.2d 915, 918 (10th Cir. 1982).

In *Kokkonen*, the Supreme Court recognized one purpose of ancillary jurisdiction is "to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen*, 511 U.S. at 379-80, 114 S. Ct. at 1676. This category encompasses "a broad range of supplementary proceedings involving third parties to assist in the protection and enforcement of federal judgments." *Peacock v. Thomas,* 516 U.S. 349, 356, 116 S. Ct. 862, 868 (1996).

The Eleventh Circuit has recently held that the existence of an attorney's lien and a claim to disgorge a third-party of a fraudulently transferred asset are within the district court's ancillary jurisdiction. *Moreno Farms, Inc. v. Tomato Thyme Corp.*, 490 F. App'x 187, 188 (11th Cir. 2012). *Nat'l Mar. Servs. v. Straub*, 776 F.3d 783, 787 (11th Cir. 2015); *see also HControl Holdings, LLC v. Bright House Networks, LLC*, No. 8:13-cv-39-T-AAS, 2017 U.S. Dist. LEXIS 21078, at *6 (M.D. Fla. Feb. 15, 2017) ("District courts retain ancillary jurisdiction to decide issues related to the enforcement of their orders, including the imposition of costs and attorneys' fees.").

Factors relevant to the exercise of ancillary jurisdiction in a fee dispute include the district court's familiarity with the subject matter and work performed by counsel; the court's responsibility to protect its own officers in fee disputes; the convenience of the parties; and considerations of judicial economy. *Cluett, Peabody & Co. v. CPC Acquisition Co.*, 863 F.2d 251, 256 (2d Cir. 1988).

### iii.   This Court Appropriately Exercised Jurisdiction Over Former Counsel's Fee Claim Under § 1367 (a)

Federal courts regularly hold that fee disputes between counsel fall within the district court's supplemental jurisdiction under § 1367 (a). *E.g. Baer*, 72 F.3d 1294, 1300 (7th Cir. 1995); *Alderman*, 169 F.3d 99, 102 (2d Cir. 1999); *Clark, supra*, 79 F. Supp. 2d 747, 749 ("A court has supplemental jurisdiction to hear fee

disputes...between groups of attorneys"). The *Baer* case is regularly cited with approval for this proposition. In *Baer*, the Seventh Circuit found the district court had supplemental jurisdiction over a dispute between two attorneys over the terms of their fee-sharing agreement. *Baer*, 72 F.3d at 1299-1300. The *Baer* court reasoned that "[t]he court had jurisdiction to approve the parties' independently negotiated settlement, and that jurisdiction of necessity encompassed the terms of the settlement agreement." *Id.* at 1301.

This case presents stronger facts supporting supplemental jurisdiction than did *Baer*. Here, the Court exercised jurisdiction to allocate Former Counsel a share of the fee award for their work in the case (a step necessary to ensure the integrity of the original fee award), not to adjudicate private contract rights between law firms. In both instances, the district court retained jurisdiction over the fee dispute. And, like the Title VII case in *Baer*, the Court here presided over a class action where it has plenary control over attorney's fees. By necessity, that control extends to fee disputes arising after the final judgment "in order to protect the continued integrity of its order approving fair and reasonable fees in the first instance." *Marino, supra*, 349 F.3d at 753.

Here, EHDH and Former Counsel agreed to an escrow[5] as a substitute for filing a lien or other actions to protect its fee interest that could have disrupted administration of the class or delayed payment to class members. An attorney's lien is part of the same case or controversy as the main claim. *Moreno Farms, Inc.*, supra, 490 F. App'x 187, 188. The Court's broad supervisory power over fees under Federal Rule 23 and duty to ensure the integrity of its original order encompassed the Allocation Order within its supplemental jurisdiction. *Marino, supra.* Former Counsel cite no authority, binding or otherwise, that a district court lacks <u>discretion</u> to exercise jurisdiction retained in the judgment to allocate a class fee award.

### b. The Court Appropriately Exercised Ancillary Jurisdiction To Do "Complete Justice" And Effectuate Its Fee Award

Ancillary jurisdiction is an independent basis supporting the Allocation Order. The Eleventh Circuit has held ancillary jurisdiction allows the court to hear claims that bear a **"logical relationship** to the aggregate core of operative facts which constitutes the main claim over which the court has an independent basis of federal jurisdiction." *Sweeney v. Athens Reg'l Med. Ctr.*, 917 F.2d 1560, 1565 (11th Cir.

---

[5] A private escrow is no different than depositing funds into the registry of court when it comes to jurisdiction. *E.g. Am. Fed'n of Tobacco-Growers, Inc. v. Allen*, 186 F.2d 590, 592 (4th Cir. 1951) ("the court's power in the premises is no less merely because one of the parties before the court has taken the funds into its own possession instead of having them paid into the hands of the clerk.").

1990) (emphasis added).  There is a logical relationship between a class action and an order allocating a fee award among counsel.

Federal courts regularly hold that "[a] district court's ancillary jurisdiction includes the jurisdiction to determine the division of fees among attorneys." *Cassino v. Reichhold Chem., Inc.*, No. 91-35693, No. 91-35838, 1993 U.S. App. LEXIS 313, at *4 (9th Cir. Jan. 5, 1993); *Sweeney*, 917 F.2d at 1565 (11th Cir. 1990) (rejecting contention that the district court did not have ancillary jurisdiction to resolve law firm's motion for allocation of funds among counsel); *Maltman, supra*, 1993 U.S. App. LEXIS 11816, at *5-6 (6th Cir. May 11, 1993) ("In a suit in which the district court has federal question or diversity jurisdiction, the district court also has ancillary jurisdiction over attorney fee disputes among non-diverse attorneys."); *Mason v. City of N.Y.*, No. 13-cv-7139 (PKC), 2016 U.S. Dist. LEXIS 63198, at *6 (S.D.N.Y. May 12, 2016) ("the Court will exercise its ancillary jurisdiction to adjudicate the fee dispute between attorneys Zelman and Klein").[6]

In *Sweeney*, the Eleventh Circuit considered the district court's ancillary jurisdiction to decide motions to allocate attorney's fees arising out of an antitrust case.  *Id.*  The *Sweeney* court found that a motion to allocate fees by one of the plaintiff's former law firms (which had not intervened in the case) met the "logical

---

[6] *See also* cases cited at FN. 2.

relationship" test for ancillary jurisdiction.  *Id.*  Surely the recognition of ancillary jurisdiction in *Sweeney* validates this Court's jurisdiction to resolve an identical fee allocation motion under its broader authority over fees under Rule 23.  Determining Former Counsel's share of the fee award was necessary to do "complete justice," vindicate the fee order by allowing for release of the escrowed funds, and ensure the continuing integrity of the original order.  *Marino,*

Former Counsel suggest no independent federal jurisdictional basis exists to resolve their fee claim under *Kokkonen.*  Dkt. 54-4 at 19 ("For the reasons previously set forth, there is no such independent basis here.")  But that is a plain misreading of the opinion.  In this instance, the Court <u>did</u> retain jurisdiction over disputes involving attorney's fees, the only dispute at issue.  No independent jurisdictional basis is necessary given that explicit retention of jurisdiction in the judgment.  *Kokkonen,* 511 U.S. at 376, 114 S. Ct. at 1674.  There is ample legal support for the Court's exercise of ancillary jurisdiction to determine Former Counsel's share of the fee award.

### i.  <u>Former Counsel's Cases Are Distinguishable.</u>

The cases cited by Former Counsel are distinguishable on their facts.  Former Counsel do not cite a single case involving circumstances like those here where the district court: (i) explicitly retained jurisdiction over attorney fees in the judgment,

and (ii) allocated fees among counsel in a Rule 23 class action.  Former Counsel's

lead case, *Taylor v. Kelsey*, did not involve a class action.  666 F.2d 53 (4th Cir.

1981).  The *Taylor* court found ancillary jurisdiction lacking because – unlike here

– the court did not "have control over the fee in the sense that [it] was required to

establish and distribute a fee." 666 F.2d at 54.  *Taylor* is also distinguishable as it

involved a "private contract dispute" between lawyers over a fee-sharing agreement.

*Id.*  In the Allocation Order, the Court did not enforce any private contract between

EHDH and Former Counsel; it determined Former Counsel's equitable share of the

fee award under Federal Rule 23.

Former Counsel also relied heavily upon *Womack v. Dolgencorp., Inc.*, which

is distinguishable for similar reasons.  957 F. Supp. 2d 1350 (N.D. Ala. 2013).

*Womack* involved a "state law claim for breach of an alleged fee agreement between

those law firms." *Id.* at 1358.  There was no such private contract at issue herein.  In

*Womack*, "[n]o attorney lien [was] asserted." *Id.*  Here, Former Counsel did not

ultimately file liens only because the parties entered into the escrow agreement to

protect their lien interest pending the administration of the class.  Another key

difference with *Womack* is that the district court did not retain jurisdiction over the

dispute in the judgment.[7] *Id.* ("Nor did this court retain jurisdiction to decide the instant dispute.").

Additionally, Former Counsel cites the Fifth Circuit's opinion in *Broughten v. Voss*, a decision on facts wholly different from those in this case. 634 F.2d 880 (5th Cir. 1981). In *Broughton*, a law firm filed a motion to withdraw for non-payment prior to the conclusion of the case. After the client objected, the district court took it upon itself to determine whether the fee charged was reasonable and determined it was not. The law firm appealed and the Fifth Circuit reversed on the grounds that the trial court was not asked to decide fees: "On its own initiative the court broached the subject of the reasonableness of the fees. All that was before the court, however, was the propriety of the motion to withdraw. **To stray from that issue was beyond the pale of existing jurisdiction**, and thus must be a nullity." 634 F.2d at 883 (emphasis added). The underlined sentence in Former Counsel's

---

[7] Other cases cited by Former Counsel are also distinguishable on this basis. *E.g. Barrera v. Gamestop Corp.*, No. 2:09-CV-01399-ODW EX, 2012 U.S. Dist. LEXIS 59298, 2012 WL 1470170, at *1-2 (C.D. Cal. Apr. 27, 2012) (finding that settlement agreement did not provide jurisdiction to resolve attorneys' fee dispute between co-counsel where there was no "separate provision in the Order Re: Final Approval of Class Action Settlement 'retaining jurisdiction' to resolve such a dispute."); *Ralston v. Mortg. Inv'rs Grp., Inc.*, No. 08-CV-00536-JF (LHK), 2015 U.S. Dist. LEXIS 112623, at *21 (N.D. Cal. Aug. 25, 2015) ("the Ralston Settlement does not provide for continuing jurisdiction over an attorneys' fee dispute, which is another reason to find that the Settlement provides no jurisdiction here.").

brief is the court's summation of one party's argument, <u>not</u> the holding of the court. *Id.* at 882. It is not the law in the Fifth Circuit, the Eleventh Circuit, or any other circuit, that a separate action for fees is required. *E.g. Schmidt v. Zazzara*, 544 F.2d 412, 414 (9th Cir. 1976) ("the district court could properly retain jurisdiction to determine appropriate attorney's fees ancillary to the case…It was not necessary to relegate Plaintiff to a separate action to recover fees.").

### c. Former Counsel Submitted To Personal Jurisdiction.

Next, Former Counsel contend "[i]ntervention by EHDH and adding FBG and Werner as parties to this action is required to confer jurisdiction on this Court." Dkt. 54-4 at 22. For this reason, Former Counsel say, "the Court lacks personal jurisdiction over FBG and Werner to adjudicate their rights as neither they nor EHDH are parties to this case." *Id.* at 23. However, Former Counsel ignore that this was not a new lawsuit and have cited no authority for their theory that intervention or adding law firms as parties is required to adjudicate allocation of attorney fees among class counsel and former counsel. *E.g. Foster v. Bd. of Trs. of Butler Cty. Cmty. Coll.*, 771 F. Supp. 1118, 1120 (D. Kan. 1991) ("**Other than in the settlement of class actions**, courts have declined to exercise ancillary jurisdiction over disputes between attorneys as to the proper division of fees earned in the underlying litigation.") (emphasis added). In fact, the *Cooper* case relied on by

Former Counsel supports jurisdiction as it distinguishes an attorney involved in an internal dispute with his former firm from counsel of record for standing purposes. *Cooper v. IBM Pers. Pension Plan*, 240 Fed. Appx. 133, 135 (7th Cir. 2007) ("Nor was he a lawyer for any party or otherwise in the functional position of a party").

As to matters related to the instant case, EHDH and Former Counsel submitted themselves to the authority and jurisdiction of this Court by serving as counsel herein.  The motion to allocate fees was not a "claim" against Former Counsel, and Former Counsel cite no authority that counsel of record are required to intervene in order to seek a ruling on the allocation of disputed fees.  *See* cases at fn. 1; *Sweeney, supra,* 917 F.2d 1560, 1565 (ancillary jurisdiction over motion to allocate fees filed by non-intervening former counsel).   Moreover, this was a discrete proceeding limited to allocation of the class fee among law firms who were already before the Court through appearance as counsel of record and were served with the motion to determine their share of the fee award.

Nothing more is required.  *E.g. Clark*, *supra*, 79 F. Supp. 2d 747, 750 ("once this Court's jurisdiction has been properly invoked to settle the controversy in the original action, and subject matter, personal jurisdiction, venue and other concerns have been laid to rest in the original action, the court has the power to settle fee disputes arising out of that original action without regard to the citizenship of the

disputing attorneys and other niceties. **All the Circuit Courts of Appeal which have considered this question appear to agree on this point**."); Barron and Holtzoff, Federal Practice and Procedure, Section 23 (Rules ed. 1960) ("If the court has jurisdiction of the principal action, it also has cognizance of any ancillary proceeding therein, regardless of the citizenship of the parties, the amount in controversy or any other factor that would ordinarily determine jurisdiction.") (emphasis added).

In any event, the Court has personal jurisdiction here. Former Counsel are both Georgia-based law firms that are subject to personal jurisdiction through their general appearances as counsel of record without being added as parties. *E.g. In re Hargis*, 887 F.2d 77 (5th Cir. 1989) ("no doubt" that appearing counsel subject to power of court); *Argentena Consol. Mining Co. v. Jolley Urga Wirth Woodbury & Standish*, 216 P.3d 779, 782-83 (Nev. 2009) ("the court has personal jurisdiction over the attorney due to the attorney's appearance as the client's counsel of record."); *Triangle Indus., Inc. S'holders Litig.*, Civil Action No. 10,466, 1991 Del. Ch. LEXIS 203, at *3 (Ch. Dec. 19, 1991) (in fee dispute, attorneys "have already consented to this Court's jurisdiction over the issue before the Court by entering an appearance in this action."); *In re Marshall*, 2007-Ohio-6639, ¶ 20 (Oh. Ct. App.) ("Appellant also argues that the trial court did not have jurisdiction over her because she was not a

party to the action. We do not agree. Appellant was the counsel of record, and the court has personal jurisdiction over her for purposes of enforcing its orders."); *compare Hogben v. Wyndham Int'l, Inc.*, No. 05-20944-Civ, 2007 U.S. Dist. LEXIS 55792, at *22 (S.D. Fla. Aug. 1, 2007) ("Under federal law, this Court lacks jurisdiction to adjudicate Capua's claims **where Capua never appeared as counsel of record** in this case.") (emphasis added).

Former Counsel were served with EHDH's motion to allocate fees and willfully failed to respond.  It is utter nonsense to suggest that law firms who appear in a class action and seek a fee for their work are not subject to the Court's authority to approve their fees under Rule 23.  Furthermore, Former Counsel acknowledged the existence of personal jurisdiction when they agreed that any compensation would only be "with the approval and at the direction" of this Court.  Hoipkemier Decl. ¶ 5 (original Co-Counsel Agreement).

### d. The Court has constructive possession of the escrowed fees.

The Court correctly exercised continuing jurisdiction over the fee award in BME's escrow account.  In an attorney fee matter over which the Court has ancillary jurisdiction, "it also has constructive possession of the settlement funds wherever located." *In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions*, 520

F. Supp. 635, 660 (D. Minn. 1981).  It is immaterial that the disputed fees are being

held in an escrow account as opposed to the registry of court:

> If the settlement had brought the $ 57,000 into the treasury
> of the court, no one would dispute its power to fix the fees
> of counsel and direct their payment; but it is manifest that
> **the court's power in the premises is no less merely
> because one of the parties before the court has taken
> the funds into its own possession instead of having
> them paid into the hands of the clerk.**

*Am. Fed'n of Tobacco-Growers, Inc. v. Allen*, 186 F.2d 590, 592 (4th Cir. 1951)

(emphasis added).  For this reason, the fact that counsel agreed to escrow the funds

with one of the firms appointed as class counsel presents no obstacle to the Court's

continuing jurisdiction to allocate the fees.

## CONCLUSION

For the foregoing reasons, EHDH respectfully requests that: (i) the Court deny

Former Counsel's Motion to Vacate the Allocation Order [Dkt. 50] and (ii) clarify

that Bondurant Mixson & Elmore, LLP or any other third-party in possession of the

class fee award is directed to disburse the funds among EHDH and Former Counsel.

## CERTIFICATE OF COMPLIANCE WITH RULE 5.1B

I hereby certify that Class Counsel's Response In Opposition To Former

Counsel's Motion to Vacate Judgment Allocating Fees has been prepared using one

of the font and point selections approved by the Court in Local Rule 5.1B, N.D.Ga.

This document was prepared using Times New Roman (14 point).

This 5th day of June, 2017.

THE BARNES LAW GROUP, LLC

/s/ Roy E. Barnes

Roy E. Barnes
Bar No. 039000
Counsel for Epps, Holloway,
DeLoach & Hoipkemier, LLC

31 Atlanta Street
Marietta, GA 30060
770-419-8505
770-227-6373 (fax)
roy@barneslawgroup.com

## CERTIFICATE OF SERVICE

This is to certify that on this day, I electronically filed **Class Counsel's Response In Opposition To Former Counsel's Motion To Vacate Judgment Allocating Fees** with the Clerk of Court using the CM/ECF electronic filing system which will automatically send email notification of such filing to the following attorneys of record:

Fredric Joseph Bold, Jr., Esq.
bold@bmelaw.com
theriault@bmelaw.com

Michael L. Eber, Esq.
meber@rh-law.com
cmay@rh-law.com

Naveen Ramachandrappa
ramachandrappa@bmelaw.com
davis@bmelaw.com
baxley@bmelaw.com

Steven Rosenwasser, Esq.
rosenwasser@bmelaw.com
baxley@bmelaw.com
anderson@bmelaw.com

William Sims Stone
billstone@stonelaw.com
amiddleton@stonelaw.com

James Darren Summerville
darren@summervillefirm.com

Jeffrey Wright Willis, Esq.
jww@rh-law.com
meber@rh-law.com

This 5th day of June, 2017.

                              THE BARNES LAW GROUP, LLC

                              /s/ Roy E. Barnes
                              Roy E. Barnes
                              Ga. Bar No. 039000
                              *Counsel for Epps, Holloway,*
                              *DeLoach & Hoipkemier, LLC*

THE BARNES LAW GROUP, LLC
31 Atlanta Street
Marietta, Ga.  30060
BARNESLAW 770-227-6375
BARNESFAX  770-227-6373
www.barneslawgroup.com
roy@barneslawgroup.com

- 2 -