IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| SARAH FELIX, formerly known as SARAH M. ELLIS, individually and on behalf of a class, | : : : : | |
| Plaintiff, | : : | CIVIL ACTION NO. 2:16-CV-66-RWS |
| v. | : : | |
| SUNTRUST MORTGAGE, INC., | : : | |
| Defendant. | : | |

## ORDER

This case is before the Court on Former Counsel's Motion to Reconsider, Vacate, and Set Aside the Order Allocating Attorney's Fees [54]. After reviewing the applicable legal standards, the Court enters the following Order.

## Analysis

I. **Supplemental Jurisdiction**

Under 28 U.S.C. § 1367, the Court has supplemental jurisdiction over any claim that forms "part of the same case or controversy" as the underlying dispute. 28 U.S.C. § 1367(a). The issue raised by Fortson, Bentley, & Griffin, P.A. (FBG) and Werner & Associates, P.C. (Werner) (collectively, "Former Counsel") is whether the allocation of attorneys' fees between Former Counsel

and Class Counsel can be classified as part of the same case or controversy as the underlying dispute between Ms. Felix and SunTrust Mortgage. (Mot. to Reconsider, Vacate, and Set Aside the Order Allocating Att'y['s] Fees, Dkt. [54], at 3.) In its Response in Opposition to Former Counsel's Motion to Vacate, Class Counsel correctly notes that every Circuit that has considered this issue has recognized that the Court's exercise of "supplemental or ancillary jurisdiction extends to fee disputes among counsel." (Class Counsel's Resp., Dkt. [55], at 3) (citing decisions by the First Circuit, Second Circuit, Fourth Circuit, Sixth Circuit, Seventh Circuit, Ninth Circuit, Southern District of Texas, and Southern District of New York). The Court agrees with the reasoning of the Sixth Circuit, noting that the "[r]esolution of related fee disputes is often required to provide a full and fair resolution of the litigation." Kalyawongsa v. Moffett, 105 F.3d 283, 287 (6th Cir. 1997).

Moreover, in its Order Granting Final Approval of Settlement, the Court expressly "retain[ed] exclusive jurisdiction over all disputes arising from or relating to the Settlement, *including any dispute concerning attorneys' fees*." (Order Granting Final Approval of Settlement, Dkt. [47], at 19) (emphasis added). No party, or counsel, in this case objected to the Court's retention of

2

jurisdiction over the allocation of attorneys' fees. Any claim, arising in contract or tort, that Former Counsel has against Class Counsel pursuant to a private agreement does not bear on this Court's jurisdiction to allocate attorneys' fees associated with a class action under Rule 23 of the Federal Rules of Civil Procedure. Any such claims may be subsequently litigated in the appropriate court.

## II.  Ancillary Jurisdiction

The Court also has ancillary jurisdiction here, giving it an independent basis for jurisdiction over the allocation of fees. Under the common law doctrine of ancillary jurisdiction, a Court may "hear claims that bear a logical relationship to the aggregate core of operative facts which constitutes the main claim over which the court has an independent basis of federal jurisdiction." Sweeney v. Athens Regional Medical Center, 917 F 2d. 1560, 1565 (11th Cir. 1990) (internal citations omitted). In determining what facts would meet the "logical relationship" requirement, the Eleventh Circuit has held that "claims of intervenors of right, but not those of permissive intervenors" bear a close enough relationship to support ancillary jurisdiction. Id. Intervention of right is defined by Rule 24(a)(2) of the Federal Rules of Civil Procedure, which

3

states that the Court *must* permit intervention by anyone who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

In <u>Sweeney</u>, the Court held that "no other party in the dispute had cause to represent and protect [the attorney's] interest" in the fee allocation, and that party was properly labeled as an intervenor of right. <u>Sweeney</u>, 917 F.2d at 1566. Similarly, here, no other party in the dispute had cause to protect Class Counsel's interest in the allocation of fees. Class Counsel's Motion was therefore a claim by an intervenor of right, giving the Court ancillary jurisdiction to hear and decide the fee allocation.

## III. Personal Jurisdiction

Former Counsel also argues that the Court lacked personal jurisdiction over both FBG and Werner. (Mot. to Reconsider, Vacate, and Set Aside the Order Allocating Att'y['s] Fees, Dkt. [54], at 7.) However, by appearing as counsel in front of the Court, Former Counsel accepted this Court's exercise of personal jurisdiction. <u>See, e.g.</u>, <u>Argentena Consol. Mining Co. v. Jolley Urga</u>

Wirth Woodbury & Standish, 216 P.3d 779, 782-783 (Nev. 2009). The allocation of fees here was not as part of a separate action implemented by Class Counsel, but instead, was merely a final step in the process of settling a case that was already before the Court. The Court, therefore, retained personal jurisdiction over Former Counsel as it related to this dispute.

Accordingly, Former Counsel's Motion to Reconsider, Vacate, and Set Aside the Order Allocating Attorneys' Fees [54] is **DENIED**. The escrow agent in possession of the disputed fees is **AUTHORIZED** and **DIRECTED** to disburse the funds to Class Counsel and Former Counsel in accordance with the Court's April 24, 2017 Order [50].

**SO ORDERED**, this 16th day of October, 2017.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)